1  Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
       Direct Dial:  503.802.2013
2      Facsimile:    503.972.3713
       E-Mail:       albert.kennedy@tonkon.com
3  Timothy J. Conway, OSB No. 851752
       Direct Dial:  (503) 802-2027
4      Facsimile:    (503) 972-3727
       E-Mail:       tim.conway@tonkon.com
5  Michael W. Fletcher, OSB No. 010448
       Direct Dial:  (503) 802-2169
6      Facsimile:    (503) 972-3867
       E-Mail:       michael.fletcher@tonkon.com
7  Ava L. Schoen, OSB No. 044072
       Direct Dial:  (503) 802-2143
8      Facsimile:    (503) 972-3843
       E-Mail:       ava.schoen@tonkon.com
9  TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 Portland, OR 97204-2099

11    Attorneys for Debtors

12

13              UNITED STATES BANKRUPTCY COURT

14                   DISTRICT OF OREGON

15 | In re | Case No. 19-62584-pcm11 |
16 | NORPAC Foods, Inc., | |
17 | Debtor. | |

18 | In re | Case No. 19-33102-pcm11 |
19 | Hermiston Foods, LLC, | |
20 | Debtor. | |
21

22 | In re | Case No. 19-33103-pcm11 |
23 | Quincy Foods, LLC, | **DEBTORS' MOTION FOR AUTHORITY TO CONTINUE USING CERTAIN EXISTING BANK ACCOUNTS** |
24 | Debtor. | |
25 | | *EXPEDITED HEARING REQUESTED* |

26

**Page 1 of 6** -  DEBTORS' MOTION FOR AUTHORITY TO CONTINUE USING CERTAIN
            EXISTING BANK ACCOUNTS

1            Debtors and Debtors-in-Possession NORPAC Foods, Inc. ("NORPAC"),

2 Hermiston Foods, LLC ("Hermiston Foods"), and Quincy Foods, LLC ("Quincy Foods")

3 (together, "Debtors") move this Court for entry of an order authorizing Debtors' continued use of

4 certain existing bank accounts for the duration specified below.  In support of this Motion,

5 Debtors incorporate the statements contained in the Declaration of Winston Mar in Support of

6 First Day Pleadings (the "Mar Declaration") filed contemporaneously herewith, and further

7 respectfully state as follows:

8            1.       On August 22, 2019 (the "Petition Date"), Debtors filed voluntary

9 petitions for relief under Chapter 11 of Title 11 of the United States Code.

10            2.       Debtors have continued in possession of their property and are continuing

11 to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and

12 1108 of Title 11 of the United States Code.

13            3.       No request has been made for the appointment of a trustee or examiner,

14 and no official committee of unsecured creditors has been appointed in Debtors' cases at this

15 time.

16            4.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

17 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

18 core proceeding pursuant to 28 U.S.C. § 157(b)(2).

19            5.       NORPAC, a farmer-owned cooperative, along with its wholly-owned

20 subsidiaries Hermiston Foods and Quincy Foods, is the largest independent, standalone

21 processor of high-quality organic and conventional frozen vegetables and fruits in the Pacific

22 Northwest.  NORPAC owns raw processing plants in Brooks, Oregon, and Stayton, Oregon, a

23 packaging plant and corporate headquarters building in Salem, Oregon, a harvesting operation in

24 Hermiston, Oregon, and a raw processing, roasting, and packing plant in Quincy, Washington.

25 Debtors have over 1,125 full-time employees along with up to 1,100 seasonal employees.

26

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1      6.    Debtors have a diverse supplier base built on an extensive network of over

2  220 contract growers made up of family-owned farms (145 farms in Oregon and 75 farms in

3  Washington) spanning more than 40,000 acres.  Debtors have long-term, established

4  relationships with a global blue-chip customer base of over 1,250 customers, spanning the retail,

5  foodservice, club, export, and industrial channels.

6      7.    Additional information and background regarding Debtors' history, assets,

7  structure, operations, and business are contained in the Declarations of Winston Mar and Shawn

8  Campbell in Support of First Day Motions filed contemporaneously herewith.

9      8.    NORPAC has a concentrated account at Wells Fargo Bank, N.A. ("Wells

10  Fargo") (account number ending 9073) into which direct payments from customers are received

11  (the "Receivables Account").  The Receivables Account is also the account from which Debtors

12  initiated pre-petition ACH, wire transfers and other electronic payments.

13      9.    NORPAC has a payroll/operating checking account at Wells Fargo

14  (account number ending 6125) (the "NORPAC Account").

15      10.    Hermiston has a payroll/operating checking account at Wells Fargo

16  (account number ending 1017) (the "Hermiston Accounts").

17      11.    Quincy has a payroll/operating checking account at Wells Fargo (account

18  number ending 1025) (the "Quincy Accounts").

19                **RELIEF REQUESTED**

20      12.    Debtors seek Court authority to continue using the existing Receivables

21  Account for the duration of these cases for the purpose of collecting receivables and other funds

22  paid to Debtors.  Debtors seek authority to continue using the NORPAC Account, Hermiston

23  Account, and Quincy Account (collectively, the "General Accounts") only until such time as all

24  prepetition wages, salaries, commissions, benefits and other payments have cleared the Accounts

25  pursuant to Debtors' Motion for Order Authorizing Payment of Prepetition Wages, Salaries,

26  Compensation, Expenses, Benefits, and Related Taxes ("Wage Motion").

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11   Doc 8   Filed 08/22/19

13. Debtors' customers and others who owe money to Debtors often pay by transferring funds directly into the Receivables Account. It would create confusion, delay and the likely diminution in receipts if Debtors were unable to use the Receivables Account to continue to accept payments and transfers of funds into the account. Debtors will use the Receivables Account on a postpetition basis only for the collection of funds.

14. Debtors are establishing different postpetition Debtor-in-possession accounts at another authorized depository to act as its postpetition operating accounts and payroll accounts. Debtors will not be issuing any checks or make any postpetition payments from its Receivables Account. It will be used only for collections. Once funds are collected, they will then be transferred to the debtor-in-possession operating accounts.

15. To protect against the possible inadvertent payment of prepetition claims, Debtors will immediately advise Wells Fargo not to honor any checks, withdrawals, or disbursement requests issued prior to the Petition Date on the Receivables Account or the General Accounts, except as otherwise expressly permitted by an order of the Court pursuant to the Wage Motion.

16. Bankruptcy courts routinely permit Chapter 11 debtors to maintain their existing bank accounts and cash management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987*); see also Charter Co. v. Prudential Ins. Co. of Am.* (*In re Charter Co.*), 778 F.2d 617, 621 (11th Cir. 1985) (holding that allowing debtors to use their prepetition "routine cash management system" was entirely consistent with applicable provisions of Bankruptcy Code).

17. Authority to continue the use of bank accounts has been routinely granted in other Chapter 11 cases. *See, e.g., In re Wall to Wall Tile & Stone, LLC, et al.,* Case No. 19-32600-dwh11 (Bankr. D. Or.) [ECF No. 82]; *In re Blue Heron Paper Company*, Case No. 09-4092-rld11 (Bankr. D. Or.) [ECF No. 31]; *In re Lumber Products*, Case

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1  No. 12-32729-elp11 (Bankr. D. Or.) [ECF No. 60]; *In re Storables Inc.*, Case

2  No. 09-32252-rld11 (Bankr. D. Or.) [ECF No. 31]; *In re Stayton SW Assisted Living, L.L.C*, Case

3  No. 09-cv-6082-HO (D. Or.) [ECF No.  337]; *In re Fresh & Easy Neighborhood Market Inc., et*

4  *al.*, Case No. 13-12569 (KJC) (Bankr. D. Del.) [ECF No. 50]; *In re OnCure Holdings, Inc., et*

5  *al.*, Case No. 13-11540 (KG) (Bankr. D. Del.) [ECF No. 143]; *In re AFA Investment Inc., et al.*,

6  Case No. 12-11127 (MFW) (Bankr. D. Del.) [ECF No. 37]; *In re Harry & David Holdings, Inc.,*

7  *et al.*, Case No. 11-10884 (MFW) (Bankr. D. Del.) [ECF No. 51].

8          18.     Debtors respectfully submit that under the circumstances, it is in the best

9  interests of Debtors' estates and creditors to continue using their existing Receivables Account

10  and General Accounts as set forth above.

11                    **REQUESTS FOR IMMEDIATE RELIEF AND WAIVER OF STAY**

12          19.     The continued use of the Receivables Account and General Accounts is

13  necessary to prevent the immediate and irreparable damage to Debtors' operations.  Any

14  disruption in payment of wages or collection of funds, even for a short period of time, would

15  wreak havoc on Debtors' ability to collect funds from customers, pay their vendors and

16  employees, and operate in the ordinary course.  Accordingly, Debtors submit that ample cause

17  exists to justify the immediate entry of an order granting the relief sought herein pursuant to

18  Bankruptcy Rule 6003(b) and a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h),

19  to the extent they apply.  *In re Lehman Brothers Holdings Inc.*, 2008 WL 4902202,

20  No. 08-13555 (JMP), at *1 (Bankr. S.D.N.Y. Nov. 6, 2008) (ordering that notwithstanding

21  Bankruptcy Rule 6004(h), the order authorizing debtors to continue using existing management

22  system and existing bank accounts shall be immediately effective and enforceable); *In re*

23  *Borders Group, Inc.*, 2011 WL 5520261, No. 11 1 614 (MG) at *2 (Bankr. S.D.N.Y. Sept. 27,

24  2011) (lifting 14-day stay under Bankruptcy Rule 6004(h) where time was of the essence); *In re*

25  *General Growth Properties, Inc.*, 412 B.R. 122, 127 (Bankr. S.D.N.Y. 2009) (finding that order

26  was enforceable immediately notwithstanding Bankruptcy Rule 6004(h) where debtors

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1  demonstrated good cause for immediate entry of the order, immediate entry of the order would

2  minimize disruption to debtors' business operations and permit debtors to satisfy their operating

3  expenses, increased possibility of successful reorganization, and was in the best interests of

4  debtors, creditors, and estate).

5          20.     A copy of the proposed Order Authorizing Continued Use of Existing

6  Bank Accounts is attached hereto as **Exhibit 1**.

7          WHEREFORE, Debtors respectfully request that the Court enter an order,

8  substantially in the form attached hereto as **Exhibit 1**, (a) granting the relief sought herein, and

9  (b) granting to Debtors such other and further relief as the Court deems just and proper.

10         DATED this 22nd day of August, 2019.

11                         TONKON TORP LLP

12

13                         By */s/ Michael W. Fletcher*
                               Albert N. Kennedy, OSB No. 821429
14                             Timothy J. Conway, OSB No. 851752
                               Michael W. Fletcher, OSB No. 010448
15                             Ava L. Schoen, OSB No. 044072
                               Attorneys for Debtors
16

17

18

19

20

21

22

23

24

25

26

**Page 6 of 6** - DEBTORS' MOTION FOR AUTHORITY TO CONTINUE USING CERTAIN
          EXISTING BANK ACCOUNTS

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc.,<br><br>                 Debtor. | Case No. 19-62584-pcm11 |
| In re<br><br>Hermiston Foods, LLC,<br><br>                 Debtor. | Case No. 19-33102-pcm11 |
| In re<br><br>Quincy Foods, LLC,<br><br>                 Debtor. | Case No. 19-33103-pcm11<br><br>**ORDER GRANTING DEBTORS'<br>MOTION FOR AUTHORITY TO<br>CONTINUE USING CERTAIN<br>EXISTING BANK ACCOUNTS** |

THIS MATTER having come before the Court upon Debtors' Motion for

Authority to Continue Using Existing Bank Accounts (the "Motion") [ECF No. _____]; the

Court having reviewed the Motion and having considered the statements of counsel with respect

to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (1) the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (2) venue is

**Page 1 of 4** - ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO
              CONTINUE USING CERTAIN EXISTING BANK ACCOUNTS

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (3) this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and (4) notice of the Motion and the Hearing was sufficient

under the circumstances; and after due deliberation the Court having determined that the relief

requested in the Motion is in the best interests of Debtors, their estates, and the creditors; and

good and sufficient cause having been shown;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED;

2. Debtors are authorized to continue using their existing bank account at

Wells Fargo Bank, N.A. ("Wells Fargo") identified as account number ending 9073

("Receivables Account") for the duration of Bankruptcy Case, which account shall be converted

to debtor-in-possession accounts for the purpose of collecting funds which shall be then

transferred to other debtor-in-possession accounts. Debtors shall not issue payments or allow

any other withdrawals or disbursements to be made from the Receivables Account except as

allowed by other order of this Court;

3. Debtors are authorized to continue using their existing accounts at Wells

Fargo identified as account number ending 6125 for NORPAC, account number ending 1017 for

Hermiston Foods, and account number ending 1025 for Quincy Foods ("General Accounts")

only until such time as all prepetition wages, salaries, commissions, benefits and other payments

have cleared the General Accounts pursuant to an order entered by this Court in accordance with

Debtors' Motion for Order Authorizing Prepetition Wages, Salaries, Compensation, Expenses,

Benefits, and Related Taxes ("Wage Order"). Once all checks and payments have cleared

pursuant to the Wage Order, the General Accounts shall be closed;

4. Wells Fargo is ordered and directed to honor all checks and electronic

transfers issued for payment of obligations described in the Wage Order.

5. Wells Fargo is authorized to debit Debtors' accounts in the ordinary

course of business without the need for further order of this Court for: (a) all checks drawn on

*Tonkon Torp LLP*
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 8    Filed 08/22/19

Debtors' accounts which are cashed at Wells Fargo's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtors' accounts with Wells Fargo prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Wells Fargo as service charges for the maintenance of any cash management system;

6.     Wells Fargo may rely on the representations of Debtors with respect to whether any check or other payment order drawn or issued by Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and Wells Fargo shall not have any liability to any party for relying on such representations by Debtors as provided for herein;

7.     Those certain existing deposit agreements between Debtors and Wells Fargo shall continue to govern the postpetition cash management relationship between Debtors and Wells Fargo, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect; and Debtors and Wells Fargo may, without further Order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts;

8.     The requirements of Bankruptcy Rule 6003(b), to the extent they apply, have been satisfied with respect to the use of funds authorized by this Order;

This Order shall be immediately effective and enforceable upon its entry. To the extent it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

# # #

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:    al.kennedy@tonkon.com
             tim.conway@tonkon.com
             michael.fletcher@tonkon.com
             ava.schoen@tonkon.com
    Attorneys for Debtors

cc:    List of Interested Parties

009684/00004/10250320v1

**Page 4 of 4** - ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO
CONTINUE USING CERTAIN EXISTING BANK ACCOUNTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11   Doc 8   Filed 08/22/19