1 | Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
   Direct Dial: 503.802.2013
2 | Facsimile:   503.972.3713
   E-Mail:      albert.kennedy@tonkon.com
3 | Timothy J. Conway, OSB No. 851752
   Direct Dial: (503) 802-2027
4 | Facsimile:   (503) 972-3727
   E-Mail:      tim.conway@tonkon.com
5 | Michael W. Fletcher, OSB No. 010448
   Direct Dial: (503) 802-2169
6 | Facsimile:   (503) 972-3867
   E-Mail:      michael.fletcher@tonkon.com
7 | Ava L. Schoen, OSB No. 044072
   Direct Dial: (503) 802-2143
8 | Facsimile:   (503) 972-3843
   E-Mail:      ava.schoen@tonkon.com
9 | TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 | Portland, OR 97204-2099

11 | Attorneys for Debtors

12

13 | UNITED STATES BANKRUPTCY COURT

14 | DISTRICT OF OREGON

15 | In re                                          Case No. 19-62584-pcm11

16 | NORPAC Foods, Inc.,

17 |                          Debtor.

18 | In re                                          Case No. 19-33102-pcm11

19 | Hermiston Foods, LLC,

20 |                          Debtor.

21

22 | In re                                          Case No. 19-33103-pcm11

23 | Quincy Foods, LLC,                             **DEBTORS' MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE TO UTILITY COMPANIES**

24 |                          Debtor.

25 |                                                *EXPEDITED HEARING REQUESTED*

26

**Page 1 of 5** - DEBTORS' MOTION FOR ORDER DETERMINING ADEQUATE ASSURANCE
           TO UTILITY COMPANIES

1    Debtors and Debtors-in-Possession NORPAC Foods, Inc. ("NORPAC"),

2  Hermiston Foods, LLC ("Hermiston Foods"), and Quincy Foods, LLC ("Quincy Foods")

3  (together, "Debtors") move this Court for entry of an order determining adequate assurance of

4  postpetition payments to utility companies; prohibiting utility companies from altering, refusing,

5  or disconnecting service on account of prepetition invoices; and establishing procedures for

6  resolving subsequent requests, if any, for additional adequate assurance of payment by the utility

7  companies.  In support of this Motion, Debtors incorporate the statements contained in the

8  Declaration of Winston Mar in Support of First Day Pleadings ("Mar Declaration") filed

9  contemporaneously herewith, and further respectfully state as follows:

10         1.      On August 22, 2019 (the "Petition Date"), Debtors filed voluntary

11  petitions for relief under Chapter 11 of Title 11 of the United States Code.

12         2.      Debtors have continued in possession of their property and are continuing

13  to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and

14  1108 of Title 11 of the United States Code.

15         3.      No request has been made for the appointment of a trustee or examiner,

16  and no official committee of unsecured creditors has been appointed in Debtors' cases at this

17  time.

18         4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

19  and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a

20  core proceeding pursuant to 28 U.S.C. § 157(b)(2).

21         5.      NORPAC, a farmer-owned cooperative, along with its wholly-owned

22  subsidiaries Hermiston Foods and Quincy Foods, is the largest independent, standalone

23  processor of high-quality organic and conventional frozen vegetables and fruits in the Pacific

24  Northwest.  NORPAC owns raw processing plants in Brooks, Oregon, and Stayton, Oregon, a

25  packaging plant and corporate headquarters building in Salem, Oregon, a harvesting operation in

26

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1 Hermiston, Oregon, and a raw processing, roasting, and packing plant in Quincy, Washington.

2 Debtors have over 1,125 full-time employees along with up to 1,100 seasonal employees.

3       6.     Debtors have a diverse supplier base built on an extensive network of over

4 220 contract growers made up of family-owned farms (145 farms in Oregon and 75 farms in

5 Washington) spanning more than 40,000 acres. Debtors have long-term, established

6 relationships with a global blue-chip customer base of over 1,250 customers, spanning the retail,

7 foodservice, club, export, and industrial channels.

8       7.     Additional information and background regarding Debtors' history, assets,

9 structure, operations, and business are contained in the Mar Declaration filed contemporaneously

10 herewith.

11       8.     In connection with the operation of their business, Debtors obtain

12 telephone, electric, gas, water, and other utility services (collectively, "Utility Services") from

13 numerous utility companies ("Utility Companies") for vegetable and fruit processing, roasting,

14 and packing facilities, as well as corporate offices variously located in Oregon and Washington.

15 Attached hereto as **Exhibit 1** is a list of substantially all the Utility Companies that provide

16 Utility Services to Debtors as of the Petition Date. The relief requested herein is requested with

17 respect to all Utility Companies providing Utility Services to Debtors and is not limited only to

18 those entities listed on **Exhibit 1**.

19       9.     Pursuant to 11 U.S.C. § 366(c)(2), a Utility Company may alter, refuse, or

20 discontinue utility service to a debtor if, within 30 days after the Petition Date, a debtor does not

21 provide adequate assurance of payment for postpetition Utility Services in a form satisfactory to

22 the Utility Company. Debtors seek an order determining the appropriate form of adequate

23 assurance of future performance and thereby prohibiting any Utility Company from altering,

24 refusing, or discontinuing Utility Services absent further Court order.

25       10.     Debtors propose to provide adequate assurance of payment in the form of

26 a one-month deposit by Debtors to the Utility Companies that request such a deposit in the initial

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1  amount as set forth on **Exhibit 1**.  The one-month deposits made upon request of each Utility

2  Company shall be deemed to be adequate assurance of payment for purposes of 11 U.S.C. § 366

3  without prejudice to the Utility Companies' right to seek additional or alternative assurance of

4  payment upon further request of this Court.  Debtors request that any Utility Company seeking

5  additional or alternative forms of adequate assurance be prohibited from altering, refusing, or

6  discontinuing Utility Services pending further order of this Court.

7  　　　　　11.　　If Utility Companies are permitted to refuse or discontinue service for

8  even a brief period, the impact on Debtors' operations could be devastating.  Such an

9  interruption would damage supplier and customer relationships, revenue, and profits, and would

10  ultimately adversely affect Debtors' efforts to reorganize.  Moreover, such an interruption would

11  result in a diminution in value of Debtors' assets and cause irreparable harm to Debtors' estates.

12  Accordingly, maintaining uninterrupted Utility Services is essential to Debtors' ability to

13  maintain their business operations and to preserve the value of their assets.

14  　　　　　12.　　In determining adequate assurance, the Court is not required to give the

15  Utility Companies the equivalent of a guarantee of payment, but must only determine that the

16  utility is not subject to an unreasonable risk of nonpayment for postpetition services.  *In re*

17  *Caldor, Inc.,* 199 B.R. 1 (S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.,* 27 B.R. 680,

18  685 (Bankr. D. Utah 1982); *In re George C. Frye Co.,* 7 B.R. 856, 858 (Bankr. D. Me. 1980).

19  　　　　　13.　　The adequate assurance proposed herein, consisting of a cash deposit upon

20  request equal to one month of average service for each utility, will provide satisfactory assurance

21  of payment.  Furthermore, requiring a Court order prior to the alteration, refusal, or

22  discontinuance of Utility Services by any Utility Company will protect Debtors' business

23  operations from being disrupted in the event a Utility Company unilaterally determines the

24  proposed adequate assurance of payment is not appropriate.

25

26

*Tonkon Torp* LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1    14.    Debtors' proposed assurance of payment is in the best interests of Debtors

2 and their creditors and will enable Debtors to continue to operate their business in the ordinary

3 course.

4    15.    A copy of the proposed Order Determining Adequate Assurance to Utility

5 Companies is attached hereto as **Exhibit 2**.

6    WHEREFORE, Debtors pray that this Court enter an order determining that the

7 payment of a deposit equal to one month of average services upon request by a Utility Company

8 in the amounts set forth on **Exhibit 1** constitutes adequate assurance of payment in accordance

9 with 11 U.S.C. § 366 unless and until further order of this Court, and prohibiting any Utility

10 Company from altering, refusing, or discontinuing Utility Services without further order of this

11 Court, or granting such other form of adequate assurance as the Court may deem necessary or

12 appropriate.

13    DATED this 22nd day of August, 2019.

14    TONKON TORP LLP

15

16    By */s/ Ava L. Schoen*
       Albert N. Kennedy, OSB No. 821429
17     Timothy J. Conway, OSB No. 851752
       Michael W. Fletcher, OSB No. 010448
18     Ava L. Schoen, OSB No. 044072
       Attorneys for Debtors

19

20

21

22

23

24

25

26

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 9    Filed 08/22/19

# EXHIBIT 1

## LIST OF UTILITIES

# UTILITY COMPANIES THAT PROVIDE UTILITY SERVICES TO DEBTORS

## NORPAC FOODS, INC.

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| AT&T Mobility | Telephone | $4,636 |
| Calpine Energy Solutions | Natural Gas | $170,867 |
| City of Salem Utility Billing | Water/Sewer | $58,533 |
| City of Stayton | Water/Sewer | $60,608 |
| Granite Telecommunications | Telephone/Internet | $4,678 |
| NW Natural | Natural Gas | $20,078 |
| Pacific Power | Electricity | $182,814 |
| Pacific Sanitation Inc | Garbage | $93 |
| Portland General Electric | Electric | $113,465 |
| Republic Service Inc | Garbage | $75 |
| Stayton Cooperative Telephone Co. | Telephone | $2,194 |
| Sprint | Telephone | $723 |
| Waste Management / Republic | Garbage | $3,893 |

## HERMINSTON FOODS, LLC

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| CenturyLink | Telephone/Internet | $428 |

## QUINCY FOODS, LLC

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| Cascade Natural Gas Corporation | Natural Gas | $7,874 |
| City of Quincy | Water/Sewer | $123,358 |
| Frontier | Telephone/Internet | $1,277 |
| Grant County PUD | Electric | $23,622 |
| Grant County Solid Waste | Garbage | $51 |

# EXHIBIT 2

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc.,<br><br>                Debtor. | Case No. 19-62584-pcm11 |
| In re<br><br>Hermiston Foods, LLC,<br><br>                Debtor. | Case No. 19-33102-pcm11 |
| In re<br><br>Quincy Foods, LLC,<br><br>                Debtor. | Case No. 19-33103-pcm11<br><br>**ORDER GRANTING DEBTORS'<br>MOTION FOR ORDER<br>DETERMINING ADEQUATE<br>ASSURANCE TO UTILITY<br>COMPANIES** |

THIS MATTER having come before the Court upon Debtor's Motion for Order

Determining Adequate Assurance to Utility Companies (the "Motion") [ECF No. _____], the

Court having reviewed the Motion and the Declaration of Winston Mar in Support of First Day

Pleadings and having considered the statements of counsel and the evidence adduced with

**Page 1 of 3** -   DEBTORS' MOTION FOR ORDER DETERMINING ADEQUATE
                  ASSURANCE TO UTILITY COMPANIES

respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of Debtors, their estates, and the creditors; and good and sufficient cause having been shown; now, therefore,

IT IS HEREBY ORDERED that:

1.      The Motion is GRANTED, and for each utility company that requests a deposit, payment of a deposit equal to one month's average service constitutes adequate assurance of payment in accordance with 11 U.S.C. § 366 unless and until further order of this Court;

2.      The amount of such deposits for all or most of Debtors' utilities are set forth on **Exhibit A** attached hereto, although the terms of this Order apply to all of Debtors' utility companies, regardless of whether or not they are listed on the attached **Exhibit A**; and

3.      All utility companies are hereby prohibited from altering, refusing, or discontinuing utility service without further order of this Court; provided, however, that this Order is without prejudice to any utility company's right to seek additional or alternative assurance of payment upon further request of this Court.

4.      This Order only binds those utility companies who were served with or received actual notice of the Motion.

# # #

**Page 2 of 3** - DEBTORS' MOTION FOR ORDER DETERMINING ADEQUATE
ASSURANCE TO UTILITY COMPANIES

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:    al.kennedy@tonkon.com
            tim.conway@tonkon.com
            michael.fletcher@tonkon.com
            ava.schoen@tonkon.com
    Attorneys for Debtors

cc:    List of Interested Parties

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

# EXHIBIT A

## LIST OF UTILITIES

| UTILITY COMPANIES THAT PROVIDE UTILITY SERVICES TO DEBTORS |
|---|

## NORPAC FOODS, INC.

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| AT&T Mobility | Telephone | $4,636 |
| Calpine Energy Solutions | Natural Gas | $170,867 |
| City of Salem Utility Billing | Water/Sewer | $58,533 |
| City of Stayton | Water/Sewer | $60,608 |
| Granite Telecommunications | Telephone/Internet | $4,678 |
| NW Natural | Natural Gas | $20,078 |
| Pacific Power | Electricity | $182,814 |
| Pacific Sanitation Inc | Garbage | $93 |
| Portland General Electric | Electric | $113,465 |
| Republic Service Inc | Garbage | $75 |
| Stayton Cooperative Telephone Co. | Telephone | $2,194 |
| Sprint | Telephone | $723 |
| Waste Management / Republic | Garbage | $3,893 |

## HERMINSTON FOODS, LLC

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| CenturyLink | Telephone/Internet | $428 |

## QUINCY FOODS, LLC

| Utility Provider | Service | Proposed One-Month Deposit |
|---|---|---|
| Cascade Natural Gas Corporation | Natural Gas | $7,874 |
| City of Quincy | Water/Sewer | $123,358 |
| Frontier | Telephone/Internet | $1,277 |
| Grant County PUD | Electric | $23,622 |
| Grant County Solid Waste | Garbage | $51 |

009684/00004/10249416v1