Stephen P. Arnot, OSB #070765
Assistant United States Trustee
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov

Attorneys for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods , Inc., Hermiston Foods, LLC., and Quincy Foods, LLC.,<br><br>Debtor. | Case No. 19-62584-pcm11 (Lead Case)<br><br>**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**<br><br>(Jointly Administered with Hermiston Foods, LLC., Case Nos. 19-33102-pcm11 and Quincy Foods, LLC., Case No. 19-33103-pcm11) |

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "**UST**"), by and through his Assistant UST, Stephen P. Arnot, hereby files this objection to the *Debtor's Motion for Order Approving (A) Bid and Sale Procedures Including BreakUp Fee and (B) Sale of Property Free and Clear of Liens, Claims and Encumbrances* (the "**Motion**"). Dkt. 83. Specifically, the UST objects to the necessity of the breakup fee under the circumstances and

1 - **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

requests that if the Court is inclined to authorize a breakup fee that the Court require the claimant to prove up the $2,000,000 requested. In support of this objection, the UST respectfully represents as follows:

## BACKGROUND

1. On August 22, 2019, the above-captioned debtor (the "**Debtor**") sought relief under Chapter 11 of Title 11 of the United States Code (the "**Petition Date**").

2. According to the Debtor, it has been experiencing operating losses since 2015.

3. In August 2018, the debtor retained Sierra Constellation Partners LLC ("SCP") to assist the debtor with a sale of its business operations to OPC for $155,500,000, subject to fluctuation for inventory and accounts receivable collection values.

4. The debtor and OPC entered into an asset purchase agreement ("APA") which required the debtor obtain an order of the United States bankruptcy court authorizing the sale free and clear of certain liens, claims, encumbrances and interests. A true copy of the APA is attached to the amended motion to sell. (see docket 83)

5. If OPC is not the successful purchaser under the APA and an alternate transaction is approved by the bankruptcy court, OPC will be entitled to receive a breakup the in the amount of $2 million from the sale proceeds.

6. The debtor alleges that the breakup fee was necessary to induce OPC to enter into the APA and serve as the stalking horse bidder. Further, the debtor and OPC provide that the fee is reasonable because it represents reimbursement of the expenses incurred by OPC, or that will be incurred by OPC and negotiating and documenting the APA. To date, no affidavit has been

2 - UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Case 19-62584-pcm11    Doc 172    Filed 09/19/19

submitted setting forth the expenses incurred in negotiating the terms of the APA.

## OBJECTION

**A Breakup Fee Should not be Approved Unless The Fee is Necessary to Preserve The Value of the Estate or, in The Alternative, a Reasonable Estimate The Expenses Incurred in Negotiating the APA**

A breakup fee is a 'fee paid by a seller to a prospective purchaser in the event that a contemplated transaction is not consummated.'" *In re Dorado Marine, Inc.,* 332 B.R. 637, 639 (Bankr. M.D. Fla. 2005) (quoting *Calpine Corp., v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.),* 181 F.3d 527, 528 (3d Cir. 1999)). "The fee is intended to compensate the bidder for the time, effort and risk of being the stalking horse, and to encourage the bidder to do the necessary due diligence with the assurance that its efforts will be compensated if it is unsuccessful." *Id.* (citing *O'Brien,* 181 F.3d at 535). No binding authority appears to exist in the Ninth Circuit with regard to breakup fees; other courts, however, have held such fees should be "carefully scrutinized" in asset sales under § 363 "to insure that the debtor's estate is not unduly burdened and that the relative rights of the parties in interest are protected." *In re Hupp Indus.,* 140 B.R. 191, 195-96 (Bankr. N.D. Ohio 1992). A breakup fee should not be a windfall and should represent a reimbursement of actual costs and expenses incurred by the stalking horse in formulating its offer or in facilitating the bid process. *In re Jon J. Peterson, Inc.,* 411 B.R. 131, 137 (Bankr. W.D.N.Y. 2009).

Courts have generally applied three standards to determine the propriety of breakup fees: the modified business judgment standard, the administrative expense standard, and the best interest

3 - UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

standard. Under the modified business judgment standard, courts apply a three-pronged test for approval of breakup fees, inquiring whether:

> 1) the relationship of the parties who negotiated the breakup fee is tainted by self-dealing or manipulation;
> 2) the fee hampers, rather than encourages, bidding; and
> 3) the amount of the fee is unreasonable relative to the proposed purchase price.

*In re Metaldyne Corp.*, 409 B.R. 661 (Bankr. S.D.N.Y. 2009) (citing *In re Integrated Resources*, 147 B.R. 650 (S.D.N.Y. 1992)); *see also ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593 (5th Cir. 2011) (affirming District Court decision following Integrated Resources and applying business judgment rule); *In re Twenver, Inc.,* 149 B.R. 954 (Bankr. D. Colo. 1992) (adopting Integrated Resources test and denying approval of a 11.11% breakup fee for a $450,000 asset bid).

Other courts have adopted the administrative expense standard and require a showing that the break-up fee is an actual, necessary expense of preserving the estate. *See In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999), *In re Philadelphia Newspapers, LLC,* 52 B.R. 60 (Bankr. E.D. Pa. 2009), and *In re CXM, Inc.*, 307 B.R. 94, 103 (Bankr. N.D. Ill. 2004).

Finally, a third group of courts have applied the "best interest of the estate test" which focuses "not [on] whether a break-up fee is within the business judgment of the debtor, but whether the transaction will 'further the diverse interests of the debtor, creditors, and equity holders, alike.'" *See In re America West Airlines, Inc.*, 166 B.R. 908 (Bankr. D. Ariz. 1994); *see also In re S.N.A. Nut Co.*, 186 B.R. 98, 104 (Bankr. N.D. Ill. 1995) (holding that a breakup fee should only be approved if it is in the best interests of the estate and "[t]he prime criterion for assessing the interests of the estate is the maximization of its value"); *In re Hupp Indus., Inc.*,

4 - UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

140 B.R. 191 (Bankr. N.D. Ohio 1992).

When assessing which standard to apply to determine whether to approve the Breakup Fee, the UST asserts that the Court should reject the business judgment standard and instead apply the § 503(b) administrative expense standard adopted by the Third Circuit in *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999) and reaffirmed in *In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010) wherein the Circuit confirmed "that a bidder must seek a break-up fee under 11 U.S.C. § 503(b), which . . . permits payment of post-petition administrative expenses for the 'actual, necessary costs and expenses of preserving the estate.'" *See* 1 Collier on Bankruptcy P 15.04 (16th 2019) (noting that although "the earliest cases applied the nonbankruptcy business judgment rule . . . [m]ore recently, courts have focused on the standards for the award of administrative expense priority under section 503(b)").

In *Reliant,* the Third Circuit held the appropriate breakup fee analysis required it to "decide whether an award of a breakup fee was necessary to preserve the value of the Debtor's estate," i.e. the standard set forth in § 503(b). *In re Reliant Energy Channelview LP,* 594 F.3d at 206 (citing *O'Brien Envtl. Energy, Inc.,* 181 F.3d at 535).

In this case, neither the Debtor nor OPC have shown that the fee requested is necessary to preserve the value of the estate. The evidence before the Court suggests otherwise. The fact that the opening purchase price is significantly less than the values set forth on the Schedules also suggests that the break-up fee will not result in the assets selling in excess of the market value. In addition, the initial overbid requires a minimum of $4,000,000 despite the requested breakup fee of $2,000,000, which may curtail bidding to the detriment of the estate.

5 -  UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Accordingly, the UST asserts that the Breakup fee should be disallowed. However, if the Court is inclined to grant a breakup fee, the UST requests that the order make it clear that the $2,000,000 fee is contingent on OPC filing an application which confirms OPC actually expended the $2,000,000 sought in negotiating the APA.

DATED this 19th day of September, 2019.

        Respectfully submitted,

        GREGORY M. GARVIN
        Acting United States Trustee for Region 18


        /s/ Stephen P. Arnot
        Stephen P. Arnot

6 - UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, I served a copy of the foregoing **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

NORPAC Foods, Inc.
PO Box 14444
Salem, OR  97309

Hermiston Foods, LLC
PO Box 14444
Salem, OR  97309

Quincy Foods, LLC
PO Box 14444
Salem, OR  97309

Timothy Conway
Tonkon Torp, LLC
888 SW 5th Ave., #1600
Portland, OR  97204

Albert N. Kennedy
Tonkon Torp, LLC
888 SW 5th Ave., #1600
Portland, OR  97204

Timothy Solomon
Leonard Law Group, LLC
1 SW Columbia, Suite 1010
Portland, OR  97204

Scott Cargill
Lowenstien Sandler LLP
One Lowenstein Dr.
Roseland, NJ  07068


7 -  **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Bruce Nathan
1251 Avenue of the Americas
New York, New York  10020

Jeffrey Prol
Lowenstien Sandler LLP
One Lowenstein Dr.
Roseland, NJ  07068

Packaging Corporation of America
Attn: Vince Carrera
1 N. Field Court
Lake Forest, Illinois  60045

Syngenta Seeds, LLC
Attn: David Conaway
PO Box 18300
Greensboro, NC  27419

Mohawk Northern Plastics, LLC dba Ampac
Attn: Eric Bradford
701 A. Street NE
Auburn, WA  98002

International Paper Co.
Attn: Bruce Gilliland
6400 Poplar Ave.
Memphis, TN  38197

Pension Benefit Guaranty Corp.
Attn: Donika Hristova
1200 K. Street, NW
Washington, D.C.  20005

HM. Clause, Inc.
260Cousteau Place, Ste. 210
Davis, CA  95618

8 -  UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

George Smith
9601 Oakmont Lane
Stayton, OR  97383

Oregon Processors Employees Trust, Oregon Processors Seasonal Employees Pension Trust
Attn: Linda Larkin
Bennett, Hartman, Morris & Kaplan, LLP
210 SW Morrison St., Ste. 500
Portland, OR  97204

                GREGORY M. GARVIN
                Acting United States Trustee for Region 18


                /s/ Stephen P. Arnot

9 -  UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING (A) BID AND SALE PROCEDURES AS IT RELATES TO THE BREAKUP FEE AND SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES