**Jeffrey D. Prol**
jprol@lowenstein.com
**Bruce S. Nathan**
bnathan@lowenstein.com
**Scott Cargill**
scargill@lowenstein.com
Tel: 973.597.2500
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068

and

**Justin D. Leonard**, OSB 033736
**Timothy A. Solomon**, OSB 072573
    Direct: 971.634.0194
    Email: tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204

Proposed Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc. [TIN 9330], Hermiston Foods, LLC [TIN 3927], and Quincy Foods, LLC [TIN 7444],<br><br>           Joint Debtors. | Lead Case No. 19-62584-pcm11<br>(Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11)<br><br>**CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF** |

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the

chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors and

debtors-in-possession (the "**Debtors**"), by and through its undersigned proposed counsel, hereby

Page 1 of 7 – **CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 180    Filed 09/20/19

submits this limited objection (the "**Limited Objection**")[1] to the *Debtors' Amended Motion for Order Approving (A) Bid and Sale Procedures, Including Expense Reimbursement Fee, to Oregon Potato Company;(B) Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; and (C) Assumption and Assignment of Executory Contracts* [ECF Doc. No. 83] (the "**Motion**").[2]  In support of this Limited Objection, the Committee respectfully states as follows:

## RELEVANT BACKGROUND

1.      On August 22, 2019 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon (the "**Court**").  No trustee or examiner has been appointed in these cases.

2.      Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3.      On September 3, 2019, the Debtors filed the Motion, seeking Court approval of certain procedures (the "**Bid Procedures**") for the submission and approval of bids for the sale of substantially all of the Debtors' assets (the "**Assets**").

4.      Simultaneously with filing the Motion, the Debtors filed that certain asset purchase agreement, dated as of August 12, 2019, together with a first amendment, effective as of August 22, 2019 (collectively, the "**APA**"), by and between the Debtors and Oregon Potato Company

---

[1] The Committee files this Limited Objection solely with regard to the relief sought in the Motion related to the Bid Procedures.  The Committee expressly reserves all rights to assert any and all objections it may have to the APA, the Sale, or any other relief sought through the Motion, consistent with the notice and objection deadlines set forth in the Motion.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion and/or APA.

**Page 2 of 7 –   CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 180    Filed 09/20/19

("**OPC**"), pursuant to which OPC would serve as the stalking horse bidder for the Assets (the "**Sale**").

## LIMITED OBJECTION

5.      The Committee believes that a fair and robust sale process will maximize the value of the Debtors' estates and benefit all parties in interest.  Following the filing of the Motion, the Committee reviewed the relief requested and proposed to the Debtors certain specific modifications to both the proposed Bid Procedures and the proposed order approving the Bid Procedures (the "**Order**").  Except for the issue that is the subject of this Limited Objection, all of the Committee's proposed modifications were accepted or otherwise agreed to by both the Debtors and OPC.  These modifications are reflected in the blackline version of the proposed Bid Procedures and proposed Order that are attached hereto as **Exhibit 1**.

6.      The Committee does object to the first sentence of Section G(2) of the Bid Procedures as currently drafted, which provides:

> "(2)     Only Qualified Bidders, including OPC and CoBank ACB, shall be entitled to participate in and bid at the Auction."

7.      The Committee objects to the inclusion of CoBank ACB ("**CoBank**") as being deemed, through the approval of the Bid Procedures, a "Qualified Bidder" permitted to participate in the Auction.  Section D of the proposed Bid Procedures sets forth a series of criteria that interested parties must satisfy in order to be approved as a Qualified Bid.  Through Section G(2), CoBank seeks to bypass the Section D requirements and automatically be deemed a Qualified Bidder and allowed to participate in the Auction.

Page 3 of 7 –     **CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11     Doc 180     Filed 09/20/19

8.      The Committee requested that the Debtors modify Section G(2) to delete the reference to CoBank.  Upon information and belief, the Debtors and OPC agreed to this suggested modification.  However, the Debtors refused to alter this provision of Section G(2) because CoBank objected to the modification.

9.      The Committee is concerned that CoBank's refusal to delete the reference to it being a "Qualified Bidder" in Section G(2) is an attempt to: (i) seek pre-approval of the right to credit bid at the Auction beyond the rights afforded under Bankruptcy Code § 363(k); and (ii) prejudice or eliminate the Committee's existing rights to bring affirmative claims against CoBank and/or challenge CoBank's alleged prepetition security interests in the Debtors' property.

10.     On September 13, 2019, the Court entered the *Final Order Granting Debtors' Motion for Authorization to Obtain Secured Credit* [ECF Doc. No. 147] (the "**DIP Financing Order**"). Notably, as originally filed with the Debtors' motion seeking DIP financing, and at the insistence of CoBank, the form of proposed final order contained a provision expressly reserving and preserving CoBank's credit bid rights.  The Committee objected to this provision and pressed its objection before the Court at the September 10, 2019 hearing.  Ultimately, as part of a global resolution of all DIP financing objections, CoBank agreed to replace the original provision concerning credit bidding with a statement that preserved the rights of all parties.  *See* DIP Financing Order at ¶ 23 ("Right to Credit Bid.  The rights of all parties under Section 363(k) of the Bankruptcy Code shall be preserved.").

11.     Pursuant to the DIP Financing Order, the releases in favor of CoBank, as well as a final determination as to the validity, extent, priority and enforceability of CoBank's asserted liens, were subject to and conditioned upon, the Committee's right to assert and prevail upon a timely

**CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Challenge (as defined in the DIP Financing Order). *See* DIP Financing Order at ¶¶ 6(a), 21. Subject to extension for cause, the Committee presently has until October 17, 2019, to commence a Challenge. *See id*.

12.     The Committee and its professionals are in the process of requesting, collecting and analyzing documents and information relevant to determining whether reasonable grounds exist to assert a Challenge. The outcome of the Committee's investigation may have a material impact on CoBank's ability to credit bid at an Auction. In particular, the outcome of the Committee's investigation is directly relevant to whether "cause" exists within the meaning of Bankruptcy Code § 363(k) to deny or limit CoBank's right to credit bid at an Auction.

13.     Bankruptcy Code § 363(k) requires that a secured creditor hold an allowed secured claim in order to credit bid. *In re Merit Group, Inc.* 464 B.R. 240, 252 (Bankr. D.S.C. 2011) ("The intent of § 363(k) is to permit only those with valid security interests in property to be sold to claim setoff."). "Without a valid interest, the property would be transferred to a putative secured creditor using a credit bid as part of the consideration, only to have that creditor's lien subsequently deemed invalid." *Id.* Section 363(k) expressly grants a court discretion to deny a creditor's ability to credit bid "for cause." Cause is a "flexible concept enabling a court to fashion an appropriate remedy on a case-by-case basis." *In re NJ Affordable Homes Corp.,* 2006 WL 2128624, at *16 (Bankr. D.N.J. June 29, 2006).

14.     Just as the DIP Financing Order was not the appropriate vehicle through which CoBank's credit bid rights could be determined, as evidenced by the removal of such provision in Paragraph 23 of the DIP Financing Order, approval of the Bid Procedures should not be used as the means by which CoBank is automatically deemed a Qualified Bidder, with an absolute right to

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

credit bid. This is especially true given that the Committee presently still has over three weeks to conclude its investigation and make a determination concerning whether to assert a Challenge. *See, e.g., In re Free Lance-Star Publ'g Co. of Fredericksburg VA,* 512 B.R. 798, 805-06 (Bankr. E.D. Va. 2014) (court limited lender's rights to credit bid based upon, *inter alia*, defects in lien rights and questionable improper conduct by the lender).

15. Similarly, approving Bid Procedures that deem CoBank to be a "Qualified Bidder" could be constructed as authorizing CoBank to credit bid the full amount of its claim and be used by CoBank as a defense to any timely Challenge that the Committee may assert. *See In re Radnor Holdings Corp.,* 353 B.R. 820 (Bankr. D. Del. 2006). The *Radnor* court's holding suggests that entry of a bid procedures order permitting credit bidding may be tantamount to an order approving the nature, extent and validity of the lien claim and also may prevent the prosecution of any money damage claims. *See id.* at 845-46 ("The Court's Bid Procedures Order … provided that Tennenbaum would be allowed to credit bid its allowed claim to the full extent allowed by Bankruptcy Code Section 363(k). Accordingly, Tennenbaum is authorized to credit bid the full amount of its claim…"). Such a result threatens to eviscerate the very Challenge rights that the Committee secured through the DIP Financing Order.

16. Accordingly, the Committee submits that the proposed Bid Procedures and the proposed Order, annexed as Exhibit 1, should only be entered if they are further modified by removing the reference to CoBank from the first sentence of Section G(2) of the proposed Bid Procedures (*i.e.,* "(2) Only Qualified Bidders, including OPC, shall be entitled to participate in and bid at the Auction.").

**CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

WHEREFORE, the Committee respectfully requests that the Court enter an order (i) denying the Motion, or granting it subject to the modifications requested herein; and (ii) granting such other and further relief as the Court deems just and proper.

DATED: September 20, 2019

LOWENSTEIN SANDLER LLP
Jeffrey D. Prol (admitted *pro hac*)
Bruce S. Nathan (admitted *pro hac*)
Scott Cargill (admitted *pro hac*)
Proposed Lead Counsel for Committee
(*employment application to be filed*)

- and -

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573
Proposed Local Counsel for Committee
(*employment application to be filed*)

Page 7 of 7 – **CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 180    Filed 09/20/19

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

NORPAC Foods, Inc., Hermiston Foods, LLC,
and Quincy Foods, LLC,

               Debtors.

Case No. 19-62584-pcm11
**LEAD CASE**

(Jointly Administered with Case
Nos. 19-33102-pcm11 and
19-33103-pcm11)

**ORDER (A) APPROVING BID
PROCEDURES, (B) SCHEDULING
AN AUCTION AND HEARING TO
CONSIDER SALE OF DEBTORS'
REAL PROPERTY, AND
(C) ESTABLISHING DEADLINES**

        This matter came before this Court on Debtors' Amended Motion for Order Approving

(A) Bid and Sale Procedures, Including Expense Reimbursement Fee to Oregon Potato Company

("OPC"); (B) Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; and

(C) Assumption and Assignment of Executory Contracts (the "Motion") filed by Debtors [ECF

No. _____].  Capitalized terms used herein and not otherwise defined shall have the meanings

assigned to such terms in the Motion.  The Court having held an initial hearing on the Motion on

**Page 1 of 5** -   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN
          AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS,
          AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 1 of 15**

_____, 2019, and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises; now, therefore,

THE COURT FINDS as follows:

A.       This Court has core jurisdiction over the Chapter 11 cases of Debtors (the "Bankruptcy Case"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.       The notice provided regarding the Motion constitutes sufficient and adequate notice.  No other or further notice in connection with the entry of this Order is or shall be required.

C.       The Bid Procedures (attached as **Exhibit 1**) were proposed by Debtors in good faith, with the goal of maximizing the value of the Purchased Assets for the benefit of all creditors of the estates and other parties-in-interest.  Debtors have articulated good and sufficient reasons for authorizing and approving the Bid Procedures, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Property.

D.       Debtors' proposed sale notice (attached as <u>Exhibit C</u> to the Motion) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the sale, the auction, and the assumption procedures.

E.       Approval of the $2,000,000 Expense Reimbursement Fee is necessary and appropriate to compensate OPC for (1) making the initial offer that serves as the floor for further bidding, and (2) negotiating and entering into the Asset Purchase Agreement ("APA").

F.       The Bid Procedures (including the Expense Reimbursement Fee) are fair and reasonable.  The Bid Procedures represent an exercise of Debtors' sound business judgment, will facilitate an orderly sale process, and are in the best interests of Debtors' estates.

**EXHIBIT 1**
**Page 2 of 15**

G.      Entry of this Order is in the best interests of Debtors, their estates, ~~and~~their

creditors, and other parties-in-interest.

Now, therefore,

IT IS HEREBY ORDERED as follows:

1.      The Motion is granted.

2.      The Bid Procedures attached as **Exhibit 1** are hereby approved and shall be used

in connection with the proposed sale of the Property.

3.      All responses or objections to the relief requested in the Motion that have not

been withdrawn, waived, or settled are overruled.

4.      Notwithstanding anything contained in the APA or in the Motion to the contrary,

as of the date of this Order, Section 7.02(m) of the APA shall be deemed void and of no further

effect and OPC shall not be entitled to refuse to perform its obligations under the APA based

solely upon the conditions set forth in Section 7.02(m) of the APA.

~~4.~~5.      Any objections to the proposed sale or the assumption and assignment of the

Designated Contracts or cure costs related thereto shall be in writing and filed with this Court no

later than October 18, 2019 at 5:00 p.m. prevailing Pacific time.  Any party filing such an

objection must attend the Sale Hearing and advocate its objection at such hearing.  Any objection

not filed, served, and/or advocated in accordance with this paragraph may be deemed waived and

may be forever barred.

~~5.~~6.      October 18, 2019 at 5:00 p.m. prevailing Pacific time is the deadline by which all

binding bids must be actually received by Debtors' counsel pursuant to the Bid Procedures.

~~6.~~7.      The Auction, if one is needed, will be held on October 24, 2019 at 10:00 a.m.

prevailing Pacific time, at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600,

Portland, Oregon 97204.

**Page 3 of 5** -     ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN
AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS,
AND (C) ESTABLISHING OBJECTION DEADLINES

**EXHIBIT 1
Page 3 of 15**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 180    Filed 09/20/19

7.8.   The Sale Hearing will be conducted on October 28, 2019 at 9:30 a.m. before the Honorable Peter C. McKittrick, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, Courtroom No. 1, 1050 SW Fifth Avenue, Portland, Oregon 97204.

8.9.   OPC is approved as the stalking horse bidder and the $2,000,000 Expense Reimbursement Fee, if payable, is approved.  The Expense Reimbursement Fee shall be treated as an administrative expense claim in the Bankruptcy Case, payable solely from, and secured by a second priority lien on, the sale proceeds and any sale deposit under Section 364(d) of the Bankruptcy Code.  As applicable, the Expense Reimbursement Fee, if payable, shall be paid to OPC at the closing of the sale immediately after payment of the sale proceeds to CoBank, ACB, and prior to payment of the sale proceeds to any other third party asserting a lien on the Purchased Assets, and shall be free and clear of any such lien.

9.10.   The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.

10.11.  The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such a party to the sale and transfer of the Purchased Assets to OPC, or the Successful Purchaser if OPC is not the buyer, including the assumption and assignment of the Designated Contracts and the fixing of any applicable Cure Costs.

11.12.  Pursuant to the Guidelines Regarding Motions for Sale of All or Substantially All Assets and Sale Procedures Motions adopted by the Bankruptcy Court on March 8, 2010 (LBF 363), Debtors are hereby excused from the requirement of using Local Bankruptcy Form 760.5 [Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay Any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing].

**Page 4 of 5** -   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 4 of 15**

Case 19-62584-pcm11   Doc 180   Filed 09/20/19

12.13.  As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for 14 days after the entry thereof and shall be effective and enforceable immediately on its entry on the docket.

13.14.  Unless otherwise specified, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 010448
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:   503-274-8779
    E-mail:       al.kennedy@tonkon.com
                     michael.fletcher@tonkon.com
    Attorneys for Debtors

cc:      List of Interested Parties

009684/00004/10288833v5009684/00004/10288833v6

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 5 of 15**

# EXHIBIT 1

## BID PROCEDURES

EXHIBIT 1
Page 6 of 15

# EXHIBIT 2

## Sale Notice

**EXHIBIT 1**
**Page 7 of 15**

Case 19-62584-pcm11     Doc 180     Filed 09/20/19

1  Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
        Direct Dial:  503.802.2013
2       Facsimile:    503.972.3713
        E-Mail:       albert.kennedy@tonkon.com
3  Timothy J. Conway, OSB No. 851752
        Direct Dial:  (503) 802-2027
4       Facsimile:    (503) 972-3727
        E-Mail:       tim.conway@tonkon.com
5  Michael W. Fletcher, OSB No. 010448
        Direct Dial:  (503) 802-2169
6       Facsimile:    (503) 972-3867
        E-Mail:       michael.fletcher@tonkon.com
7  Ava L. Schoen, OSB No. 044072
        Direct Dial:  (503) 802-2143
8       Facsimile:    (503) 972-3843
        E-Mail:       ava.schoen@tonkon.com
9  TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 Portland, OR 97204-2099

11      Attorneys for Debtors

12

13                UNITED STATES BANKRUPTCY COURT

14                      DISTRICT OF OREGON

15 | In re                              | Case No. 19-62584-pcm11
   |                                    | **LEAD CASE**
16 | NORPAC Foods, Inc., Hermiston Foods, LLC, |
   | and Quincy Foods, LLC,             | (Jointly Administered with Case
17 |                                    | Nos. 19-33102-pcm11 and
   |              Debtors.              | 19-33103-pcm11)
18 |                                    |
19 |                                    | **BID PROCEDURES FOR THE**
   |                                    | **SUBMISSION, RECEIPT, AND**
20 |                                    | **ANALYSIS OF BIDS IN**
   |                                    | **CONNECTION WITH THE SALE OF**
21 |                                    | **ASSETS**

22          These Bid Procedures have been approved by order of the United States Bankruptcy
   Court for the District of Oregon (the "Court") in connection with the above-captioned
23 bankruptcy cases of Debtors and Debtors-in-Possession NORPAC Foods, Inc., Hermiston
   Foods, LLC, and Quincy Foods, LLC (together, "Debtors"), which order was entered on
24 _____, 2019 [ECF No. ____] (the "Bid Procedures Order").

25          These Bid Procedures set forth the process by which Debtors are authorized to
   conduct the sale (the "Sale") by auction ("Auction") of certain of Debtors' assets.  These
26 Bid Procedures also set forth the terms by which prospective bidders may qualify for and

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 180    Filed 09/20/19

**EXHIBIT 1**
**Page 8 of 15**

1  participate in the Auction, thereby competing to make the highest or otherwise best offer for
such assets.
2
3       **A.    STALKING HORSE BIDDER**

4          On August 12, 2019, Debtors entered into an Asset Purchase Agreement (the "APA")
with Oregon Potato Company ("OPC"), which was amended by that certain First
5    Amendment to Asset Purchase Agreement (collectively, the "APA"). All capitalized terms
used herein that are not otherwise defined shall have the definitions given to them in the
6    APA.

7          Pursuant to the APA, Debtors agreed to sell to OPC substantially all of their assets,
with the exception of their investment in CoBank, certain life insurance policies, and other
8    nominal assets (the "Purchased Assets," as more particularly defined in the APA). The
purchase price for the Purchased Assets is $155,500,000, plus an agreed value for accounts
9    receivable, with an adjustment for any change in the value of Debtors' inventory, less the
amount due to growers at the closing of the 2019 crop, which OPC will pay to the growers.[1]
10   Pursuant to the APA, Debtors agreed to pay to OPC an Expense Reimbursement Fee of
$2,000,000 in the event the Court approves, and Debtors consummate, the sale of the
11   Purchased Assets to a purchaser other than OPC. A copy of the APA has been filed with the
Court, and a complete copy may be obtained by contacting Spencer Fisher at
12   spencer.fisher@tonkon.com or from the website of Kurtzman Carson Consultants LLC at
http://www.kccllc.net/norpacfoods.
13
        **B.    PARTICIPATION REQUIREMENTS**
14
15          To participate in the bidding process and to obtain access to due diligence materials, a
person (other than OPC) interested in purchasing the Purchased Assets (a "Potential Bidder")
must deliver (unless previously delivered) to counsel for Debtors the following (the
16   "Preliminary Bid Documents"):

17        (1)    an executed confidentiality agreement in form and substance acceptable to
Debtors and their counsel; and
18
        (2)    preliminary written proof by the Potential Bidder of its financial capacity to
19            close the proposed transaction, the adequacy of which must be deemed
satisfactory, following consultation with the Committee of Unsecured
20            Creditors appointed in Debtors' Chapter 11 cases (the "Committee"), to
Debtors in their business judgment.
21
          As soon as practicable, and in any event within two business days after a Potential
22   Bidder delivers the Preliminary Bid Documents, Debtors shall, following consultation with
the Committee, determine and notify the Potential Bidder whether such Potential Bidder has
23   submitted acceptable Preliminary Bid Documents. Debtors shall work with Potential Bidders

24   _____
[1] Any summary or description of the terms set forth in the APA are for the convenience of
25   the Court and interested parties. To the extent there is any conflict, the APA governs in all
respects.
26

**Page 2 of 7** -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS
              IN CONNECTION WITH THE SALE OF ASSETS

**EXHIBIT 1**
**Page 9 of 15**

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11   Doc 180   Filed 09/20/19

during the two business-day period (as it may be extended by Debtors) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents. Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such two-business-day period (as it may be extended by Debtors) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Purchased Assets or submit bids to acquire the Purchased Assets. OPC is deemed an Acceptable Bidder.

## C. OBTAINING DUE DILIGENCE ACCESS

After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, Debtors will provide each Acceptable Bidder reasonable due diligence information, as requested, including access to an electronic data room, as soon as reasonably practicable after such request. Debtors, in consultation with the Committee, shall be entitled to use their business judgment in determining the extent to which a Potential Bidder is entitled to receive confidential competitive information.

## D. BID REQUIREMENTS

Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring the Property (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. prevailing Pacific time on October 18, 2019 (the "Bid Deadline"). Any such Bid must:

(1) Identify the bidder, i.e., including any party for whom it may be bidding with or on behalf of, whether the bidder is a party to any agreement limiting the bidders at the Auction, and any relation of such parties to Debtors.

(2) Contain (~~x~~i) a signed definitive asset purchase agreement in substantially the form of the APA (a "Competing APA") and (~~y~~ii) a comparison of such Competing APA to the APA, showing all of the differences between the two. A Competing APA must:

(a) Be in form and substance satisfactory to Debtors, following consultation with the Committee;

(b) Provide for a purchase price with respect to such assets in an amount that is at least equal to the Purchase Price, plus the Expense Reimbursement Fee, plus $~~2~~1,000,000 (the "Initial Overbid Amount~~."),~~"), and such purchase price must have a cash component that is not less ~~that~~than that provided for in the APA;

(c) Provide that the Bidder will forfeit the Sale Deposit (defined below), as liquidated damages if such purchaser defaults under the Competing APA;

(d) Not provide for the payment to the Bidder of any breakup fee, topping fee, expense reimbursement, or other similar fee or arrangement; and

| | | |
|---|---|---|
| 1 | (e) | Not be subject to any (i) financing contingency, (ii) contingency relating to the completion of unperformed due diligence, (iii) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents, or (iv) any conditions precedent to the Bidder's obligation to purchase the Assets, other than any applicable conditions included in the APA; and |

(f) Not be conditioned upon obtaining any regulatory approvals. Potential bidders are advised that the sale transaction may be subject to approval by the Federal Trade Commission and the Antitrust Division of the U.S. Department of Justice under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the rules and regulations promulgated thereunder ("HSR Act")."); and

(g) State whether the Potential Bidder intends to assume all or a portion of the defined benefit pension plan sponsored by NORPAC Foods, Inc.

(3) Include a deposit of $2,000,000 (the "Sale Deposit") in the form of either a wire transfer to an account specified by Debtors or by certified check. The Sale Deposit shall be held in escrow by Debtors or their counsel in a segregated account or trust account pending closing of the sale. The full amount of the Sale Deposit shall be forfeited as liquidated damages if such Bidder is the Successful Purchaser (defined below) and fails to close the transaction because of a breach or failure to perform on the part of the Successful Purchaser.

(4) To the extent not previously provided to Debtors, be accompanied by evidence satisfactory to Debtors, after consultation with the Committee, in their business judgment, that the Bidder: is willing, authorized, capable, and qualified financially, legally, and otherwise, of performing all obligations under its proposed Competing APA in the event it submits the Successful Bid (as hereinafter defined) at the Auction.

(5) Be submitted to counsel for Debtors so as to be received not later than the Bid Deadline. Any Bid that meets all of the foregoing requirements, as determined by Debtors, shall be considered a "Qualified Bid." Counsel for Debtors, after consultation with the Committee, shall, as soon as practicable, send a copy of each Qualified Bid received, if any, to the following parties: (i) counsel to OPC, and (ii) counsel to each Bidder submitting a Qualified Bid (or, if a Bidder does not have counsel, to the Bidder).), and (iii) counsel to the Committee.

**E.  EVALUATION OF QUALIFIED BIDS**

Prior to the Auction, Debtors shall evaluate, in consultation with the Committee, the Qualified Bids and identify the Qualified Bid that is, in Debtors' business judgment, the highest or otherwise best bid (the "Starting Bid"). Debtors will take into account the bidder's assumption of liabilities, including assumption of all or part of the NORPAC Foods, Inc. Pension Plan. No later than 5:00 p.m. prevailing Pacific time on October 23, 2019, Debtors,

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 11 of 15**

1   following consultation with the Committee, shall notify OPC and all parties who have submitted Qualified Bids as to whether there will be an Auction and, if so, which Qualified Bid is the Starting Bid.

2

**F.    NO QUALIFIED BIDS**

3

4           If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and OPC will be deemed the Successful Purchaser.  Subject to the termination rights under the APA, Debtors will immediately pursue entry of a Sale Order by the Court approving the APA and authorizing the sale of the Property to OPC.

5

6

**G.    AUCTION**

7

8           In the event Debtors determine, after consultation with the Committee, that one or more Bids are Qualified Bids, then Debtors will conduct the Auction on October 24, 2019 at 10:00 a.m. prevailing Pacific time (the "Auction") with respect to the sale of the Assets at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, Oregon 97204, or at such other location as may be designated by Debtors.

9

10

11          The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

12          (1)    The Qualified Bidders, including OPC, shall appear in person or through duly-authorized representatives at the Auction.

13

14          (2)    Only Qualified Bidders, including OPC and CoBank ACB, shall be entitled to participate in and bid at the Auction.  Debtors may, in their sole discretion, permit others to attend the Auction.; provided, however, that the Committee members and/or their advisors shall be permitted to attend the Auction.

15

16          (3)    Bidding at the Auction shall begin at the Starting Bid.

17          (4)    Subsequent bids at the Auction, including any bids by OPC, shall be made in minimum increments of $500250,000.

18

19          (5)    For purposes of determining OPC's bid amounts, OPC shall receive a credit equal to the Expense Reimbursement Fee in each round of bidding.

20

21          (6)    All bidding will be open and transparent to all persons permitted to attend the Auction.

22          (7)    Each Qualified Bidder will be required to confirm on the record at the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

23

24          (8)    Absent irregularities in the implementation of these Bid Procedures or in the conduct of the Auction, neither Debtors nor the Court will consider bids made after the Auction is closed.

25

26

Page 5 of 7 -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 19-62584-pcm11   Doc 180   Filed 09/20/19

**EXHIBIT 1**
**Page 12 of 15**

(9)     The Auction shall be governed by such other procedures as may be announced by Debtors or their counsel, following consultation with the Committee, from time to time at the Auction.

## H.    ACCEPTANCE OF THE SUCCESSFUL BID

Upon the conclusion of the Auction (if such Auction is conducted), Debtors, in the exercise of their reasonable, good-faith business judgment, and after consultation with CoBank, ACB and the Committee, shall identify the highest or otherwise best bid (the "Successful Bid").  The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Purchaser."  The Successful Purchaser and Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which the Successful Bid was made.

Debtors will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (i) the Auction was conducted, and the Successful Purchaser was selected, in accordance with these Bid Procedures; (ii) the Auction was fair in substance and procedure; (iii) the Successful Bid was a Qualified Bid; and (iv) consummation of the Sale contemplated by the Successful Bid is in the best interests of Debtors and their estates.

If an Auction is held, Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction or by the Court, and (ii) definitive documentation acceptable to Debtors has been executed in respect thereof. Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

## I.    DESIGNATION OF CONTRACTS

On or before the date that is four (4) business days before the Sale Hearing (the "Designation Deadline""), the Successful Purchaser shall provide to Sellers a schedule of those executory contracts and leases set forth on the Cure Schedule that it desires to have assumed and assigned to the Successful Purchaser at Closing (the "Designated Contracts").

## J.    BANKRUPTCY COURT APPROVAL OF SALE

A hearing to consider approval of the sale to the Successful Purchaser (or to approve the APA if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place on October 28, 2019 at 9:30 a.m. prevailing Pacific time. The Sale Hearing will be held before the Honorable Peter C. McKittrick, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, Courtroom No. 1, 1050 SW Fifth Avenue, Portland, Oregon 97204.  Debtors and the Successful Purchaser, once the Successful Purchaser has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist, and consult with each other to secure the entry of a Sale Order in a form reasonably acceptable to Debtors and the Successful Purchaser.

The Sale Hearing may be continued to a later date by Debtors, following consultation with the Committee, by sending notice to all prospective bidders prior to, or making an

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 13 of 15**

announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

## K.    DESIGNATION OF BACKUP BIDDER

Upon conclusion of the Auction and selection of the Successful Purchaser, Debtors shall select the person submitting the highest or otherwise best bid (the "Backup Bidder"). The bid of the Backup Bidder shall remain open until the second business day following the closing of a sale to the Successful Purchaser. If for any reason the Successful Purchaser is unable or unwilling to consummate an approved sale because of a breach or failure to perform on the part of the Successful Purchaser, (ai) it will forfeit its Sale Deposit to Debtors as liquidated damages in lieu of any other damages with respect to such breach,; and (bii) the Backup Bidder shall be deemed to be the Successful Purchaser. The purchase price shall be the amount of such Backup Bidder's last bid, and Debtors shall be authorized to effectuate the sale to the Backup Bidder without further order of the Bankruptcy Court.

## L.    EXPENSE REIMBURSEMENT FEE

At the closing of the sale to the Successful Purchaser, if the Successful Purchaser is not OPC, Debtors shall, from the sale proceeds, pay the Expense Reimbursement Fee to OPC by wire transfer in immediately available funds to an account designated by OPC.

## M.    RETURN OF SALE DEPOSIT

The Sale Deposit of the Successful Purchaser shall, upon consummation of the sale, be credited to the purchase price paid by the Successful Purchaser. If the Successful Purchaser fails to consummate the sale, then the full amount of the Sale Deposit shall be forfeited to, and be retained irrevocably by, Debtors.

The Sale Deposit of any unsuccessful Qualified Bidder will be returned to such unsuccessful Qualified Bidder within five (5) business days after (i) the conclusion of the Auction (if the Bidder does not submit the Successful Bid and is not designated the Backup Bidder), or (ii) consummation of the sale (if the Bidder is designated the Backup Bidder).

## N.    RESERVATION OF RIGHTS TO MODIFY BID PROCEDURES

Debtors reserve the right, following consultation with the Committee, to modify these Bid Procedures in any manner that will best promote the goals of the bidding process and may impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation, extending the deadlines set forth in these Bid Procedures, adjourning the Auction at the Auction, and/or adjourning the Sale Hearing in open court without further notice.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
**Page 14 of 15**

DATED this _____ day of September, 2019.

TONKON TORP LLP

By_____
   Albert N. Kennedy, OSB NO. 821429
   Timothy J. Conway, OSB No. 851752
   Michael W. Fletcher, OSB No. 010448
   Ava L. Schoen, OSB No. 044072
   Attorneys for Debtors

009684/00004/10288853v11 009684/00004/10288853v12

Page 8 of 7 -   BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS
                IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT 1
Page 15 of 15

Case 19-62584-pcm11   Doc 180   Filed 09/20/19

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION FOR APPROVAL OF BID PROCEDURES AND FOR RELATED RELIEF** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties:

*NONE*

DATED: September 20, 2019

By: /s/ Timothy A. Solomon
      Timothy A. Solomon, OSB 072573

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com