Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC,<br><br>Debtors. | Case No. 19-62584-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11)<br><br>**ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTORS' REAL PROPERTY, AND (C) ESTABLISHING DEADLINES** |

This matter came before this Court on Debtors' Amended Motion for Order Approving (A) Bid and Sale Procedures, Including Expense Reimbursement Fee to Oregon Potato Company; (B) Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; and (C) Assumption and Assignment of Executory Contracts (the "Motion") filed by Debtors [ECF No. 83]. Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Motion. The Court having held an initial hearing on the Motion on

**Page 1 of 6** -   ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

September 24, 2019, and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises; now, therefore,

THE COURT FINDS as follows:

A. This Court has core jurisdiction over the Chapter 11 cases of Debtors (the "Bankruptcy Case"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The notice provided regarding the Motion constitutes sufficient and adequate notice. No other or further notice in connection with the entry of this Order is or shall be required.

C. The Bid Procedures (attached as **Exhibit 1**) were proposed by Debtors in good faith, with the goal of maximizing the value of the Purchased Assets for the benefit of all creditors of the estates and other parties-in-interest. Debtors have articulated good and sufficient reasons for authorizing and approving the Bid Procedures, which are reasonable and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of, the Property.

D. Debtors' proposed sale notice (attached as **Exhibit 2**) is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the sale, the auction, and the assumption procedures.

E. An expense reimbursement fee in an amount to be determined following the auction upon application by Oregon Potato Company ("OPC"), not to exceed $2,000,000 (the "Expense Reimbursement Fee"), is necessary and appropriate to compensate OPC for (1) making the initial offer that serves as the floor for further bidding, and (2) negotiating and entering into the Asset Purchase Agreement ("APA").

**Page 2 of 6** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

F. The Bid Procedures (including the Expense Reimbursement Fee) are fair and reasonable. The Bid Procedures represent an exercise of Debtors' sound business judgment, will facilitate an orderly sale process, and are in the best interests of Debtors' estates.

G. Entry of this Order is in the best interests of Debtors, their estates, their creditors, and other parties-in-interest.

Now, therefore,

IT IS HEREBY ORDERED as follows:

1. The Motion is granted.

2. The Bid Procedures attached as **Exhibit 1** are hereby approved and shall be used in connection with the proposed sale of the Property.

3. All responses or objections to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled.

4. October 18, 2019 at 5:00 p.m. prevailing Pacific time is the deadline by which all binding bids must be actually received by Debtors' counsel pursuant to the Bid Procedures.

5. On or before the date that is ten (10) Business Days following the date on which the Bid Procedures Order is entered, Debtors shall file a notice of potential assumption (the "Assumption Notice") with the Bankruptcy Court and serve such notice on each counterparty to an executory contract or lease listed thereon. The Assumption Notice shall include a schedule (the "Cure Schedule") identifying all executory contracts and leases that Debtors believe may be assumed and assigned in connection with the Sale and set forth a good faith estimate of the amount, if any, required to cure any monetary default under each such executory contract or lease (the "Cure Cost"). If no cure cost is estimated to be applicable, the amount of such Cure Cost designated shall be $0.00.

6. Any objections to the proposed sale or the assumption and assignment of such contracts or cure costs related thereto shall be in writing and filed with this Court no later than

**Page 3 of 6** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

October 18, 2019 at 5:00 p.m. prevailing Pacific time. Any party filing such an objection must attend the Sale Hearing (in person or by telephone) and advocate its objection at such hearing. Any objection not filed, served, and/or advocated in accordance with this paragraph may be deemed waived and may be forever barred, except as provided in paragraph 8 below.

7. On or before October 23, 2019, (the "Designation Deadline""), OPC and each other Qualified Bidder shall provide to Sellers an updated schedule designating those executory contracts and Leases that were set forth on the Cure Schedule, and any additional contracts that such bidder desires to have assumed and assigned to it at Closing (the "Designated Contracts"). Sellers shall promptly inform the Court and interested parties of the final list of Designated Contracts.

8. Debtors shall file with the Court the list of "Designated Contracts" that the Successful Purchaser desires to have assumed and assigned to it by October 25, 2019, along with a redline against the Assumption Notice previously filed by Debtors ("Amended Assumption Notice"). Notwithstanding the deadline set forth in paragraph 6, (a) if OPC is not the Successful Purchaser, any contract counterparty to Debtors may object to the proposed sale or the assumption and assignment of such contracts or cure costs any time prior to the Sale Hearing; or (b) if OPC is the Successful Purchaser, as to a contract that has been added to or removed from the Amended Assumption Notice, any such contract counterparty may object to the assumption and assignment of such contract to the Successful Purchaser any time prior to the Sale Hearing.

9. The Successful Purchaser may remove a contract or lease from the list of Designated Contracts at any time pending Closing of the Transaction, even after entry of the Sale Order. Only those Designated Contracts that the Successful Purchaser finally elects to assume as of Closing will be assumed by Sellers and assigned to the Successful Purchaser pursuant to the Sale Order at Closing.

**Page 4 of 6** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

10. The Auction, if one is needed, will be held on October 24, 2019 at 10:00 a.m. prevailing Pacific time, at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, Oregon 97204. If the Auction is not needed, Debtors shall file a notice so indicating with the court by October 24, 2019. If the Auction is held, Debtors shall promptly file with the court a Notice of Successful Purchaser at the conclusion of the Auction. If OPC is not the Successful Purchaser, the Notice shall attach a copy of the Successful Purchaser's Asset Purchase Agreement (Debtors need not file all APA schedules, but shall make those available upon request).

11. The Sale Hearing will be conducted on October 28, 2019 at 9:30 a.m. prevailing Pacific time before the Honorable Peter C. McKittrick, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, Courtroom No. 1, 1050 SW Fifth Avenue, Portland, Oregon 97204.

12. OPC is approved as the stalking horse bidder. The Expense Reimbursement Fee, if payable, shall be treated as an administrative expense claim in the Bankruptcy Case, and shall be paid from the sale proceeds, including any sale deposit, as a closing cost, prior to disbursement of net sale proceeds to secured creditors. Notwithstanding anything contained in the APA or in the Motion to the contrary, as of the date of this Order, Section 10.04(a) of the APA shall be modified to provide that should OPC invoke the provisions of Section 7.02(m) of the APA to terminate the sale contemplated under the APA, OPC shall not be entitled to payment of the Expense Reimbursement Fee from either the Debtors or from the proceeds of a sale to another purchaser.

13. The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.

14. The failure of any third party to file and serve an objection as ordered and directed herein shall be deemed the consent of such a party to the sale and transfer of the

**Page 5 of 6** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

Purchased Assets to OPC, or the Successful Purchaser if OPC is not the buyer, including the assumption and assignment of the Designated Contracts and the fixing of any applicable Cure Costs.

15.  Pursuant to the Guidelines Regarding Motions for Sale of All or Substantially All Assets and Sale Procedures Motions adopted by the Bankruptcy Court on March 8, 2010 (LBF 363), Debtors are hereby excused from the requirement of using Local Bankruptcy Form 760.5 [Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay Any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing].

16.  As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for 14 days after the entry thereof and shall be effective and enforceable immediately on its entry on the docket.

17.  Unless otherwise specified, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By */s/ Michael W. Fletcher*
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 010448
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone: 503-221-1440
    Facsimile: 503-274-8779
    E-mail: al.kennedy@tonkon.com
             michael.fletcher@tonkon.com
    Attorneys for Debtors

009684/00004/10288833v11

**Page 6 of 6** - ORDER (A) APPROVING BID PROCEDURES, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER SALE OF DEBTOR'S ASSETS, AND (C) ESTABLISHING OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

# EXHIBIT 1

## BID PROCEDURES

Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
  Direct Dial: 503.802.2013
  Facsimile:   503.972.3713
  E-Mail:      albert.kennedy@tonkon.com
Timothy J. Conway, OSB No. 851752
  Direct Dial: (503) 802-2027
  Facsimile:   (503) 972-3727
  E-Mail:      tim.conway@tonkon.com
Michael W. Fletcher, OSB No. 010448
  Direct Dial: (503) 802-2169
  Facsimile:   (503) 972-3867
  E-Mail:      michael.fletcher@tonkon.com
Ava L. Schoen, OSB No. 044072
  Direct Dial: (503) 802-2143
  Facsimile:   (503) 972-3843
  E-Mail:      ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

   Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC,<br><br>Debtors. | Case No. 19-62584-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11)<br><br>**BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS** |

These Bid Procedures have been approved by order of the United States Bankruptcy Court for the District of Oregon (the "Court") in connection with the above-captioned bankruptcy cases of Debtors and Debtors-in-Possession NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC (together, "Debtors"), which order was entered on _____, 2019 [ECF No. ___] (the "Bid Procedures Order").

These Bid Procedures set forth the process by which Debtors are authorized to conduct the sale ("Sale") by auction ("Auction") of certain of Debtors' assets. These Bid Procedures also set forth the terms by which prospective bidders may qualify for and

**Page 1 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

participate in the Auction, thereby competing to make the highest or otherwise best offer for such assets.

A.   **STALKING HORSE BIDDER**

On August 12, 2019, Debtors entered into an Asset Purchase Agreement with Oregon Potato Company ("OPC"), which was amended by that certain First Amendment to Asset Purchase Agreement (collectively, the "APA"). All capitalized terms used herein that are not otherwise defined shall have the definitions given to them in the APA.

Pursuant to the APA, Debtors agreed to sell to OPC substantially all of their assets, with the exception of their investment in CoBank, certain life insurance policies, and other nominal assets (the "Purchased Assets," as more particularly defined in the APA). The purchase price for the Purchased Assets is $155,500,000, plus an agreed value for accounts receivable, with an adjustment for any change in the value of Debtors' inventory, less the amount due to growers at the closing of the 2019 crop, which OPC will pay to the growers.[1] Debtors have agreed to pay to OPC an Expense Reimbursement Fee of up to $2,000,000 in the event the Court approves, and Debtors consummate, the sale of the Purchased Assets to a purchaser other than OPC. A copy of the APA has been filed with the Court, and a complete copy may be obtained by contacting Spencer Fisher at spencer.fisher@tonkon.com or from the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/norpacfoods.

B.   **PARTICIPATION REQUIREMENTS**

To participate in the bidding process and to obtain access to due diligence materials, a person (other than OPC) interested in purchasing the Purchased Assets (a "Potential Bidder") must deliver (unless previously delivered) to counsel for Debtors the following (the "Preliminary Bid Documents"):

(1)   an executed confidentiality agreement in form and substance acceptable to Debtors and their counsel; and

(2)   preliminary written proof by the Potential Bidder of its financial capacity to close the proposed transaction, the adequacy of which must be deemed satisfactory, following consultation with the Committee of Unsecured Creditors appointed in Debtors' Chapter 11 cases (the "Committee"), to Debtors in their business judgment.

As soon as practicable, and in any event within two business days after a Potential Bidder delivers the Preliminary Bid Documents, Debtors shall, following consultation with the Committee, determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. Debtors shall work with Potential Bidders during the two business-day period (as it may be extended by Debtors) to attempt to correct or cure any deficiencies in any Preliminary Bid Documents. Only those Potential Bidders whose Preliminary Bid Documents have been deemed acceptable at the end of such two-

---

[1] Any summary or description of the terms set forth in the APA are for the convenience of the Court and interested parties. To the extent there is any conflict, the APA governs in all respects.

Page 2 of 8 - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

business-day period (as it may be extended by Debtors) (each, an "Acceptable Bidder") may conduct a due diligence review with respect to the Purchased Assets or submit bids to acquire the Purchased Assets. OPC is deemed an Acceptable Bidder.

**C. OBTAINING DUE DILIGENCE ACCESS**

After receipt of an executed confidentiality agreement and notification of Acceptable Bidder status, Debtors will provide each Acceptable Bidder reasonable due diligence information, as requested, including access to an electronic data room, as soon as reasonably practicable after such request. Debtors, in consultation with the Committee, shall be entitled to use their business judgment in determining the extent to which a Potential Bidder is entitled to receive confidential competitive information.

**D. BID REQUIREMENTS**

Any Acceptable Bidder that is interested in being a participant in the Auction and acquiring the Property (each a "Bidder") must submit a "Bid" as provided herein prior to 5:00 p.m. prevailing Pacific time on October 18, 2019 (the "Bid Deadline"). Any such Bid must:

(1) Identify the bidder, i.e., including any party for whom it may be bidding with or on behalf of, whether the bidder is a party to any agreement limiting the bidders at the Auction, and any relation of such parties to Debtors.

(2) Contain (i) a signed definitive asset purchase agreement in substantially the form of the APA (a "Competing APA") and (ii) a comparison of such Competing APA to the APA, showing all of the differences between the two. A Competing APA must:

    (a) Be in form and substance satisfactory to Debtors, following consultation with the Committee;

    (b) Provide for a purchase price with respect to such assets in an amount that is at least equal to the Purchase Price, plus $3,000,000, and such purchase price must have a cash component that is not less than that provided for in the APA;

    (c) Provide that the Bidder will forfeit the Sale Deposit (defined below), as liquidated damages if such purchaser defaults under the Competing APA;

    (d) Not provide for the payment to the Bidder of any breakup fee, topping fee, expense reimbursement, or other similar fee or arrangement; and

    (e) Not be subject to any (i) financing contingency, (ii) contingency relating to the completion of unperformed due diligence, (iii) contingency relating to the approval of the Bidder's board of directors or other internal approvals or consents, or (iv) any conditions

**Page 3 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11 Doc 203 Filed 09/25/19

precedent to the Bidder's obligation to purchase the Assets, other than any applicable conditions included in the APA;

(f) Not be conditioned upon obtaining any regulatory approvals. Potential bidders are advised that the sale transaction may be subject to approval by the Federal Trade Commission and the Antitrust Division of the U.S. Department of Justice under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, and the rules and regulations promulgated thereunder ("HSR Act"); and

(g) State whether the Potential Bidder intends to assume all or a portion of the defined benefit pension plan sponsored by NORPAC Foods, Inc.

(h) Designate all leases and executory contracts the Potential Bidder desires to be assumed and assigned to it.

(3) Include a deposit of $2,000,000 (the "Sale Deposit") in the form of either a wire transfer to an account specified by Debtors or by certified check. The Sale Deposit shall be held in escrow by Debtors or their counsel in a segregated account or trust account pending closing of the sale. The full amount of the Sale Deposit shall be forfeited as liquidated damages if such Bidder is the Successful Purchaser (defined below) and fails to close the transaction because of a breach or failure to perform on the part of the Successful Purchaser.

(4) To the extent not previously provided to Debtors, be accompanied by evidence satisfactory to Debtors, after consultation with the Committee, in their business judgment, that the Bidder: is willing, authorized, capable, and qualified financially, legally, and otherwise, of performing all obligations under its proposed Competing APA in the event it submits the Successful Bid (as hereinafter defined) at the Auction.

(5) Be submitted to counsel for Debtors so as to be received not later than the Bid Deadline. Any Bid that meets all of the foregoing requirements, as determined by Debtors, shall be considered a "Qualified Bid." Counsel for Debtors, after consultation with the Committee, shall, as soon as practicable, send a copy of each Qualified Bid received, if any, to the following parties: (i) counsel to OPC, and (ii) counsel to each Bidder submitting a Qualified Bid (or, if a Bidder does not have counsel, to the Bidder), and (iii) counsel to the Committee.

**E. EVALUATION OF QUALIFIED BIDS**

Prior to the Auction, Debtors shall evaluate, in consultation with the Committee, the Qualified Bids and identify the Qualified Bid that is, in Debtors' business judgment, the highest or otherwise best bid (the "Starting Bid"). Debtors will take into account the bidder's assumption of liabilities, including assumption of all or part of the NORPAC Foods, Inc. Pension Plan. No later than 5:00 p.m. prevailing Pacific time on October 23, 2019, Debtors, following consultation with the Committee, shall notify OPC and all parties who have

Page 4 of 8 - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

submitted Qualified Bids as to whether there will be an Auction and, if so, which Qualified Bid is the Starting Bid.

## F. NO QUALIFIED BIDS

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur and OPC will be deemed the Successful Purchaser. Subject to the termination rights under the APA, Debtors will immediately pursue entry of a Sale Order by the Court approving the APA and authorizing the sale of the Property to OPC.

## G. AUCTION

In the event Debtors determine, after consultation with the Committee, that one or more Bids are Qualified Bids, then Debtors will conduct the Auction on October 24, 2019 at 10:00 a.m. prevailing Pacific time (the "Auction") with respect to the sale of the Assets at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, Oregon 97204, or at such other location as may be designated by Debtors.

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

(1) The Qualified Bidders, including OPC, shall appear in person or through duly-authorized representatives at the Auction.

(2) Only Qualified Bidders, OPC and CoBank ACB, shall be entitled to participate in and bid at the Auction. Debtors may, in their sole discretion, permit others to attend the Auction; provided, however, that the Committee members and/or their advisors shall be permitted to attend the Auction.

(3) Bidding at the Auction shall begin at the Starting Bid.

(4) Subsequent bids at the Auction, including any bids by OPC, shall be made in minimum increments of $250,000.

(5) For purposes of determining OPC's bid amounts, OPC shall receive a credit equal to the Expense Reimbursement Fee in each round of bidding.

(6) All bidding will be open and transparent to all persons permitted to attend the Auction.

(7) Each Qualified Bidder will be required to confirm on the record at the Auction that it has not colluded with any other person with respect to the bidding or the Sale.

(8) Absent irregularities in the implementation of these Bid Procedures or in the conduct of the Auction, neither Debtors nor the Court will consider bids made after the Auction is closed.

(9) The Auction shall be governed by such other procedures as may be announced by Debtors or their counsel, following consultation with the Committee, from time to time at the Auction.

**Page 5 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

## H. ACCEPTANCE OF THE SUCCESSFUL BID

Upon the conclusion of the Auction (if such Auction is conducted), Debtors, in the exercise of their reasonable, good-faith business judgment, and after consultation with CoBank, ACB and the Committee, shall identify the highest or otherwise best bid (the "Successful Bid"). The Qualified Bidder having submitted the Successful Bid will be deemed the "Successful Purchaser." The Successful Purchaser and Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which the Successful Bid was made.

Debtors will present the results of the Auction to the Court at the Sale Hearing, at which certain findings will be sought from the Court regarding the Auction, including, among other things, that (i) the Auction was conducted, and the Successful Purchaser was selected, in accordance with these Bid Procedures; (ii) the Auction was fair in substance and procedure; (iii) the Successful Bid was a Qualified Bid; and (iv) consummation of the Sale contemplated by the Successful Bid is in the best interests of Debtors and their estates.

If an Auction is held, Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction or by the Court, and (ii) definitive documentation acceptable to Debtors has been executed in respect thereof. Such acceptance is conditioned on approval by the Court of the Successful Bid and the entry of an Order approving such Successful Bid.

## I. DESIGNATION OF CONTRACTS

On or before the date that is ten (10) Business Days following the date on which the Bid Procedures Order is entered, Qualified Bidders (including OPC) shall provide to Sellers a schedule of those executory contracts and leases set forth on the Cure Schedule that such Bidder desires to have assumed and assigned to the Successful Purchaser at Closing.

On or before October 23, 2019, (the "Designation Deadline"'), OPC and each other Qualified Bidder shall provide to Sellers an updated schedule designating those executory contracts and Leases that were set forth on the Cure Schedule, and any additional contract that such bidder desires to have assumed and assigned to it at Closing (the "Designated Contracts").

## J. BANKRUPTCY COURT APPROVAL OF SALE

A hearing to consider approval of the sale to the Successful Purchaser (or to approve the APA if no Auction is held) (the "Sale Hearing") and seek entry of a Sale Order is presently scheduled to take place on October 28, 2019 at 9:30 a.m. prevailing Pacific time. The Sale Hearing will be held before the Honorable Peter C. McKittrick, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Oregon, Courtroom No. 1, 1050 SW Fifth Avenue, Portland, Oregon 97204. Debtors and the Successful Purchaser, once the Successful Purchaser has been determined, shall each use their commercially reasonable efforts, and shall cooperate, assist, and consult with each other to secure the entry of a Sale Order in a form reasonably acceptable to Debtors and the Successful Purchaser.

**Page 6 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

The Sale Hearing may be continued to a later date by Debtors, following consultation with the Committee, by sending notice to all prospective bidders prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

K.  **DESIGNATION OF BACKUP BIDDER**

Upon conclusion of the Auction and selection of the Successful Purchaser, Debtors shall select the person submitting the highest or otherwise best bid (the "Backup Bidder"). The bid of the Backup Bidder shall remain open until the second business day following the closing of a sale to the Successful Purchaser. If for any reason the Successful Purchaser is unable or unwilling to consummate an approved sale because of a breach or failure to perform on the part of the Successful Purchaser, (i) it will forfeit its Sale Deposit to Debtors as liquidated damages in lieu of any other damages with respect to such breach; and (ii) the Backup Bidder shall be deemed to be the Successful Purchaser. The purchase price shall be the amount of such Backup Bidder's last bid, and Debtors shall be authorized to effectuate the sale to the Backup Bidder without further order of the Bankruptcy Court.

L.  **EXPENSE REIMBURSEMENT FEE**

At the closing of the sale to the Successful Purchaser, if OPC has not invoked its right under Sec. 7.02(m) of the APA to terminate the Sale, but OPC is not the Successful Purchaser, Debtors shall, from the sale proceeds, pay the Expense Reimbursement Fee to OPC in the amount determined by the Court by wire transfer in immediately available funds to an account designated by OPC.

M.  **RETURN OF SALE DEPOSIT**

The Sale Deposit of the Successful Purchaser shall, upon consummation of the sale, be credited to the purchase price paid by the Successful Purchaser. If the Successful Purchaser fails to consummate the sale, then the full amount of the Sale Deposit shall be forfeited to, and be retained irrevocably by, Debtors.

The Sale Deposit of any unsuccessful Qualified Bidder will be returned to such unsuccessful Qualified Bidder within five (5) business days after (i) the conclusion of the Auction (if the Bidder does not submit the Successful Bid and is not designated the Backup Bidder), or (ii) consummation of the sale (if the Bidder is designated the Backup Bidder).

N.  **RESERVATION OF RIGHTS TO MODIFY BID PROCEDURES**

Debtors reserve the right, following consultation with OPC and the Committee, to to impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation, extending the deadlines set forth in these Bid Procedures, adjourning the Auction at the Auction, and/or adjourning the Sale Hearing in open court without further notice. Notwithstanding anything in these bid procedures, in the event of a successful Challenge (as defined in the Final Order Granting Debtors' Motion for Authorization to Obtain Secured Credit; ECF No. 147) to CoBank ACB's claim by the Committee, CoBank ACB will not be able to credit bid more than the amount of its actual secured claim, as determined by the Court.

**Page 7 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

DATED this _____ day of September, 2019.

TONKON TORP LLP

By_____
Albert N. Kennedy, OSB NO. 821429
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Attorneys for Debtors

009684/00004/10288853v16

**Page 8 of 8** - BID PROCEDURES FOR THE SUBMISSION, RECEIPT, AND ANALYSIS OF BIDS IN CONNECTION WITH THE SALE OF ASSETS

# EXHIBIT 2

## SALE NOTICE

Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
   Direct Dial:  503.802.2013
   Facsimile:   503.972.3713
   E-Mail:      albert.kennedy@tonkon.com
Timothy J. Conway, OSB No. 851752
   Direct Dial:  (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:      tim.conway@tonkon.com
Michael W. Fletcher, OSB No. 010448
   Direct Dial:  (503) 802-2169
   Facsimile:   (503) 972-3867
   E-Mail:      michael.fletcher@tonkon.com
Ava L. Schoen, OSB No. 044072
   Direct Dial:  (503) 802-2143
   Facsimile:   (503) 972-3843
   E-Mail:      ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

   Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC,<br><br>              Debtors. | Case No. 19-62584-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11)<br><br>**NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO OPC OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES** |

       **PLEASE TAKE NOTICE** that Debtors and Debtors-in-Possession NORPAC Foods, Inc. ("NORPAC"), Hermiston Foods, LLC ("Hermiston Foods"), and Quincy Foods, LLC ("Quincy Foods") (together, "Debtors") moved for approval of the sale of substantially all of Debtors' assets to Oregon Potato Company ("OPC") if there are no higher and better offers from qualified bidders at an auction scheduled for October 24, 2019 commencing at 10:00 a.m. prevailing Pacific time.

       The sale to OPC would be pursuant to the Asset Purchase Agreement ("APA") entered into with OPC, a copy of which was filed with the Court and may also be obtained by contacting Spencer Fisher at spencer.fisher@ tonkon.com or from the website of Kurtzman Carson Consultants

**Page 1 of 4 -** NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO OPC OR
                  HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING
                  PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

LLC at http://www.kccllc.net/norpacfoods.  Capitalized terms used but not otherwise defined in this notice shall have the meanings assigned to such terms in the APA.  Net sale proceeds will be distributed pursuant to further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, the APA provides that OPC will assume certain "Assumed Liabilities" and take title to the Assets subject to certain "Permitted Encumbrances" as defined in the APA.  The Permitted Encumbrances include valid agricultural liens (which includes agricultural produce and grain producer liens pursuant to ORS 87.705 and ORS 87.755 and processor and preparer liens pursuant to RCW 60.13.020 and RCW 60.13.030) and PACA trust rights to the extent they secure amounts owed to growers for 2019 crops that are Assumed Liabilities under the APA.  Pursuant to 11 U.S.C. §§ 105 and 363, Debtors propose to sell the Purchased Assets to OPC or the Successful Bidder at auction (the "Purchaser"), and obtain an order providing and authorizing, *inter alia*, the following:  (i) that other than the Permitted Encumbrances, the sale of the Purchased Assets to Purchaser is free and clear of all liens, claims, interests, obligations, and encumbrances; (ii) that other than the Assumed Liabilities, Purchaser has not assumed any of Debtors' liabilities or obligations; (iii)  that Purchaser is not a successor to Debtors; (iv) that all persons that have been served with this Notice are bound by the order and are enjoined from pursuing Purchaser to recover on any claims they may have against Debtors; and (v) that the APA and related agreements were entered into in good faith, without collusion, and from arms' length bargaining positions.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order authorizing Debtors to hold an auction to sell the Purchased Assets if a qualified overbid is received.  The auction, if one occurs, is scheduled for **October 24, 2019 at 10:00 a.m. prevailing Pacific time** at the offices of Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600, Portland, Oregon 97204.

**PLEASE TAKE FURTHER NOTICE** that the Court entered an order approving Bid Procedures in connection with the sale and the auction.  A copy of the Bid Procedures was filed with the court and can be obtained by contacting Spencer Fisher at spencer.fisher@ tonkon.com or from the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/norpacfoods.

**PLEASE TAKE FURTHER NOTICE** that competing bidders are required to submit competing bids in an amount that is at least equal to the Purchase Price provided in the APA, plus $3,000,000 (the "Initial Overbid Amount"), and such purchase price must have a cash component that is not less than that provided for in the APA, and otherwise qualify as bidders in accordance with the approved Bidding Procedures prior to **5:00 p.m.** prevailing Pacific time on **October 18, 2019**.  The Purchase Price, as more particularly set forth in the APA, is an amount equal to (i) One Hundred Fifty-Five Million Five Hundred Thousand Dollars ($155,500,000), subject to withholding of the Indemnification Escrow Amount; plus (ii) the amount by which the Inventory Value is greater or less than the Target Inventory Value; plus (iii) the Accounts Receivable Collection Value, as those terms are defined in the APA.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the proposed sale to Purchaser (the "Sale Hearing"), is scheduled to be held on **October 28, at 9:30 a.m.** prevailing Pacific Time, or at such later time as may be announced at the auction by Debtors at the United States Bankruptcy Court for the District of Oregon, Courtroom 1, 1001 SW Fifth Avenue, Portland, Oregon 97204.

Page 2 of 4 -   NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO OPC OR
HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING
PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11    Doc 203    Filed 09/25/19

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the sale of the Purchased Assets, you must, on or before **October 18, 2019 at 5:00 p.m.** prevailing Pacific time, file a written objection with the United States Bankruptcy Court for the District of Oregon.

**PLEASE TAKE FURTHER NOTICE** that in connection with the sale, Debtors intend to assume and assign certain of Debtors' executory contracts and leases to the Purchaser. On or before the date that is ten (10) Business Days following the date on which the Bid Procedures Order is entered, Debtors will file a notice of potential assumption (the "Assumption Notice") with the Bankruptcy Court and serve such notice on each counterparty to an executory contract or lease listed thereon. The Assumption Notice will include a schedule (the "Cure Schedule") identifying all executory contracts and leases that Debtors believe may be assumed and assigned in connection with the Transaction and setting forth a good faith estimate of the amount, if any, required to cure any monetary default under each such executory contract or lease (the "Cure Cost"). If no cure cost is estimated to be applicable, the amount of such Cure Cost designated shall be $0.00.

**PLEASE TAKE FURTHER NOTICE** that on or before **October 23, 2019**, (the "Designation Deadline""), OPC and each other qualified bidder that desires to participate in the Auction shall provide to Sellers an updated schedule listing those executory contracts and Leases that were set forth on the Cure Schedule that it desires to have assumed and assigned to it at Closing (the "Designated Contracts"). Sellers shall promptly inform the Court and interested parties of the Designated Contracts. Notwithstanding the foregoing, Purchaser shall have the right to remove a contract or lease from the list of Designated Contracts at any time pending Closing of the Transaction, even after entry of the Sale Order. Only those Designated Contracts that Purchaser finally elects to assume as of Closing will be assumed by Sellers and assigned to Buyer pursuant to the Sale Order at Closing.

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to the assumption of an executory contract or lease listed on the Assumption Notice or to the amount of the associated Cure Cost, you must, on or before **October 18, 2019 at 5:00 p.m.** prevailing Pacific time, file a written objection with the United States Bankruptcy Court for the District of Oregon, stating the specific facts upon which the objection is based

**PLEASE TAKE FURTHER NOTICE** that if OPC is not the Purchaser, or as to a Designated Contract that was not listed in the Assumption Notice, if you wish to object to the assumption of such contract or to the amount of the associated Cure Cost, you must, either (i) prior to the Sale Hearing file a written objection with the United States Bankruptcy Court for the District of Oregon stating the specific facts upon which the objection is based; or (ii) appear at the Sale Hearing and make your objection.

**PLEASE TAKE FURTHER NOTICE** that unless a timely objection is filed as to a Cure Cost scheduled by Debtors, the Cure Cost scheduled by Debtors on the Assumption Notice shall be binding upon the nondebtor party for all purposes in this Chapter 11 case and will constitute a final determination of the total Cure Cost required to be paid in connection with the potential assumption and assignment of such executory contract or unexpired lease. Further, unless a timely objection is filed, no further evidence shall be required to satisfy the requirements for assumption and assignment, including, without limitation, any further evidence of adequate assurance of performance by OPC, and the nondebtor party to such executory contract or unexpired lease shall be barred from objecting to the assumption and assignment of such executory contract or unexpired lease, and shall
**Page 3 of 4 -** NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO OPC OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

be deemed to consent to the assumption and assignment of such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Cure Amounts and Debtors' proposed assumption and assignment of the Designated Contracts is scheduled to be held on **October 28, at 9:30 a.m.** prevailing Pacific Time at the United States Bankruptcy Court for the District of Oregon, Courtroom 1, 1001 SW Fifth Avenue, Portland, Oregon 97204.

Copies of any of the pleadings or documents referenced herein may be obtained by contacting Spencer Fisher at spencer.fisher@ tonkon.com or from the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/norpacfoods.

DATED this _____ day of September, 2019.

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    Attorneys for Debtors

009684/00004/10288864v12

**Page 4 of 4 -** NOTICE OF MOTION TO APPROVE SALE OF ASSETS TO OPC OR HIGHER AND BETTER BIDDER AT AUCTION, AUCTION, BIDDING PROCEDURES, SALE HEARING, AND OBJECTION DEADLINES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-62584-pcm11   Doc 203   Filed 09/25/19