1  Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
       Direct Dial:  503.802.2013
2      Facsimile:    503.972.3713
       E-Mail:       albert.kennedy@tonkon.com
3  Timothy J. Conway, OSB No. 851752
       Direct Dial:  (503) 802-2027
4      Facsimile:    (503) 972-3727
       E-Mail:       tim.conway@tonkon.com
5  Michael W. Fletcher, OSB No. 010448
       Direct Dial:  (503) 802-2169
6      Facsimile:    (503) 972-3867
       E-Mail:       michael.fletcher@tonkon.com
7  Ava L. Schoen, OSB No. 044072
       Direct Dial:  (503) 802-2143
8      Facsimile:    (503) 972-3843
       E-Mail:       ava.schoen@tonkon.com
9  TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 Portland, OR 97204-2099

11     Attorneys for Debtors

12

13              UNITED STATES BANKRUPTCY COURT

14                   DISTRICT OF OREGON

15 In re                              | Case No. 19-62584-pcm11
                                      | **LEAD CASE**
16 NORPAC Foods, Inc. [TIN 9330],
   Hermiston Foods, LLC [TIN 7444], and | (Jointly Administered with Case
17 Quincy Foods, LLC [TIN 3927],      | Nos. 19-33102-pcm11 and
                                      | 19-33103-pcm11)
18              Debtors.
                                      | **DEBTORS' MOTION TO REJECT**
19                                    | **COLLECTIVE BARGAINING**
                                      | **AGREEMENTS**
20

21           NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC, debtors

22 and debtors-in-possession ("Debtors"), hereby move this Court for an order pursuant to

23 11 U.S.C. § 1113 approving Debtors' rejection of the Collective Bargaining Agreements set forth

24 on **Exhibit 1** attached hereto.  In support of this Motion, Debtors state as follows:

25

26

**Page 1 of 9** -  DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

## BACKGROUND

1.         On August 22, 2019 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2.         On August 26, 2019, the Court entered an Order Directing Joint Administration Pursuant to FRBP 1015(b) of each of Debtors' cases.

3.         Debtors have continued in possession of their property and are continuing to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

4.         No request has been made for the appointment of a trustee or examiner. An official committee of unsecured creditors was appointed in Debtors' cases on August 30, 2019 (the "Committee").

5.         The relief requested herein by Debtors is based on the Court's authority pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1113.

6.         At the peak of the processing season, Debtors employ up to 3,159 employees, of whom approximately 2,750 belong to four separate bargaining units, each covered by a separate labor agreement. Three of the bargaining units are represented by Teamsters Locals 324, 670, and 760 respectively (collectively, the "Teamsters"). The other bargaining unit is represented by the International Union of Operating Engineers Local 701 (the "IUOE") (the Teamsters and IUOE are collectively referred to as the "Unions").

7.         Teamsters Local 324 and NORPAC Foods, Inc. negotiated and ratified a collective bargaining agreement for the period from March 2, 2017 through March 1, 2020. Teamsters Local 324 and NORPAC Foods, Inc. have further negotiated and executed various letters of understanding, still in effect.

8.         Teamsters Local 670 and NORPAC Foods, Inc. (Plants 1, 5, 6, 7, and 8) negotiated and ratified a collective bargaining agreement for the period from April 1, 2017

**Page 2 of 9** - DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

through March 31, 2020.  Teamsters Local 670 and NORPAC Foods, Inc. have further negotiated and executed various letters of understanding, still in effect.

9. Teamsters Local 760 and Quincy Foods, LLC. negotiated and ratified a collective bargaining agreement for the period from January 1, 2018 through December 31, 2020.  Teamsters Local 760 and Quincy Foods, LLC have further negotiated and executed various letters of understanding, still in effect.

10. IUOE and NORPAC Foods, Inc. negotiated and ratified a collective bargaining agreement for the period from July 1, 2018 through June 30, 2021.  IUOE and NORPAC Foods, Inc. have further negotiated and executed various letters of understanding, still in effect.

11. All collective bargaining agreements, extension agreements, and letters of understanding described in paragraphs 7 through 10 above and set forth on **Exhibit 1** are referred to collectively as the "Labor Agreements."

12. Debtors have determined that they are unable to continue operating their business.  Consequently, Debtors are attempting to sell their assets to one or more potential purchasers.  On September 3, 2019 Debtors filed Debtors' Amended Motion for Order Approving (A) Bid and Sale Procedures, Including Expense Reimbursement Fee, to Oregon Potato Company; and (B) Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (C) Assumption and Assignment of Executory Contracts [ECF No. 83] ("Sale Motion").  On September 25, 2019, the Court entered an Order (A) Approving Bid Procedures, (B) Scheduling an Auction and Hearing to Consider the Sale of Debtors' Assets, and (C) Establishing Objection Deadlines [ECF No. 203] ("Bid Procedures") which, among other things, established Oregon Potato Company ("OPC") as a stalking horse bidder for the assets pursuant to the terms of an Asset Purchase Agreement ("APA").  Pursuant to Section 2.02 of the APA, OPC "shall not assume any Liabilities associated with, relating to, or resulting from, any

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

single or multi-employer pension plan of any Seller." As such, OPC has repeatedly informed Debtors that it will not accept an assignment of any of the Labor Agreements.

13.     On October 24, 2019, Debtors will hold an auction to sell substantially all of their assets. No other bidders have come forward at this time. The winning bidder of the auction will be acquiring locations that currently have unionized workforces with the above-described Labor Agreements. At this time, no bidder has come forward with a bid that would provide for the assumption and assignment of the Labor Agreements.

14.     On September 30, 2019, Debtors sent a letter with a written proposal to the Unions to modify the Labor Agreements, pursuant to 11 U.S.C. § 1113 (the "Proposal"), attached hereto as **Exhibit 2**. In addition, Debtors offered the Unions relevant documentation and information to evaluate the Proposal. Debtors offered to meet at reasonable times with the Unions to confer in good faith to reach a mutually satisfactory modification of the Labor Agreements, if possible, and specifically offered to meet on October 1 or October 2, 2019. See **Exhibit 2**. As of the date of this filing, the Teamsters have requested documents, which have been provided by Debtors. The Unions could not meet at the offered time, but have indicated a willingness to meet and bargain at a time and place to be mutually agreed upon by the parties. As of the date of this filing, the Unions have not accepted Debtors' offer to meet and bargain.

15.     Notwithstanding OPC's unequivocal statement that it will not assume any of the Labor Agreements, it is Debtors' understanding that OPC is in negotiations with the Unions and that substantial progress is being made in those negotiations with respect to entering into new labor agreements between the Unions and OPC on mutually beneficial terms. Notwithstanding those negotiations, which Debtors hope are successful, Debtors' Labor Agreements are not being assumed and require rejection upon closing of the sale since Debtor will no longer have any employees.

**Page 4 of 9** -   DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

## RELIEF REQUESTED AND SUPPORT THERETO

16.     Pursuant to Bankruptcy Code Section 1113(a), Debtors seek entry of an order approving the rejection of the Labor Agreements as set forth in the Proposal.

17.     Section 1113(b) provides:

> (1)     Subsequent to filing a petition and prior to filing an application seeking rejection of a collective bargaining agreement, Debtor in possession or trustee (hereinafter in this section "trustee shall include a debtor in possession), shall —

> (A)     make a proposal to the authorized representative of the employees covered by such agreement, based on the most complete and reliable information available at the time of such proposal, which provides for those necessary modifications in the employees benefits and protections that are necessary to permit the reorganization of Debtor and assures that all creditors, Debtor and all of the affected parties are treated fairly and equitably; and

> (B)     provide, subject to subsection (d)(3), the representative of the employees with such relevant information as is necessary to evaluate the proposal.

> (2)     During the period beginning on the date of the making of a proposal provided for in paragraph (1) and ending on the date of the hearing provided for in subsection (d)(1), the trustee shall meet, at reasonable times, with the authorized representative to confer in good faith in attempting to reach mutually satisfactory modifications of such agreement.

1.     Section 1113(c) provides:

> The court shall approve an application for rejection of a collective bargaining agreement only if the court finds that

> (1)     the trustee has, prior to the hearing, made a proposal that fulfills the requirements of subsection (b)(1);

> (2)     the authorized representative of the employees has refused to accept such proposal without good cause; and

> (3)     the balance of the equities clearly favors rejection of the agreement.

**Page 5 of 9** -   DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1        **STANDARD OF MODIFICATION**

2        18.     Section 1113 permits a bankruptcy court to approve rejection of a

3 collective bargaining agreement in certain circumstances. Over time, courts have established a

4 nine-step test for considering motions under this section. *See In re Karykeion, Inc.*, 435 B.R.

5 663, 677 (Bankr. C.D. Cal. 2010). The nine-step analysis requires that:

6        (a)     Debtor make a proposal to modify the CBA;

7        (b)     The proposal be based on the most complete and reliable

8 information available at the time of the proposal;

9        (c)     The proposed modifications are necessary to permit reorganization

10 of Debtor;

11        (d)     The modifications assure that all creditors, Debtor, and all other

12 affected parties, are treated fairly and equitably;

13        (e)     Debtor provides to the union such relevant information as is

14 necessary to evaluate the proposal;

15        (f)     Debtor meets at reasonable times with the union between the time

16 of the proposal; and the time of the hearing on the proposal;

17        (g)     Debtor negotiates with the union in good faith at these meetings;

18        (h)     The union refuses to accept Debtors' proposal without good cause;

19 and

20        (i)     The balance of the equities clearly favors rejection of the

21 agreement.

22        Debtors submit that all of the elements necessary to approve the Proposal are

23 satisfied.

24        **PROCEDURAL REQUIREMENTS**

25        19.     Proposal Made; Based on Complete and Reliable Information; Unions

26 Provided with Relevant Information; Debtor Meets at Reasonable Times; Debtor Confers in

**Page 6 of 9** - DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

Good Faith. On September 30, 2019, Debtors provided the Unions with a written proposal as required by Section 1113(b)(1)(A), to modify the Labor Agreements. Debtors' Proposal requested the Unions to cancel the collective bargaining agreements and allow the prospective buyer to enter into new agreements mutually acceptable between the buyer and the Unions. Potential buyers have indicated that they will likely, but are not required to, hire some or all of the current NORPAC union employees. Those negotiations are ongoing, but the buyer has made it clear that it will not accept an assignment of Debtors' Labor Agreements. The rejection of the Labor Agreements will thereby allow the sale of Debtors' assets and continuation of the business operations by the buyer as a going concern, rather than the more dire alternative of Debtors closing down the business, terminating all the employees, and liquidating the assets on a piecemeal basis. (*See* **Exhibit 1**.) The Proposal is based on the most complete and reliable information available to Debtors. In order to allow the Unions to evaluate the Proposal, Debtors offered and have provided the Unions with documents containing relevant information for the Unions to evaluate the Proposal. At all times, Debtors have offered to meet with and have conferred with the Unions in good faith and candidly discussed Debtors' financial situation and the necessity of a sale or liquidation of their assets.

20. Modification is Necessary. To determine if the proposed changes are "necessary to permit the reorganization of Debtor," the bankruptcy court must consider whether such changes will "increase the likelihood of successful reorganization." *Truck Drivers Local 807 v. Carey Transp., Inc.*, 816 F.2d 82, 89 (2nd Cir. 1987); *accord In re Mile Hi Metal Systems, Inc.*, 899 F.2d 887, 893 (10th Cir. 1990); *Big Sky*, 104 B.R. at 335. Under this standard, the court will find the changes necessary if the proposal is made in good faith and contains "necessary, but not absolutely minimal, changes that will enable Debtor to complete the reorganization successfully." *Carey*, 816 F.2d at 30. In *In re Karykeion, Inc.*, a case with similar facts to ours, the bankruptcy court held that rejecting the Labor Agreements was necessary to permit debtor's reorganization, where debtor was required to sell its assets and the purchaser

**Tonkon Torp LLP**
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

made the sale contingent on debtor's receipt of an order from the bankruptcy court approving the rejection of all of its collective bargaining agreements prior to the closing date.  435 B.R. at 678. There, like our case, the court noted that debtor had the options of either shutting down immediately or selling its assets to a buyer who refused to assume the CBAs.  *Id*.  The court held that the asset sale was necessary for a successful reorganization, and that it was necessary to reject the CBAs in order to actualize the asset sale (otherwise, the deal would collapse).  *Id.* Here, Debtors submit that the rejection of the Labor Agreements is necessary to achieve a successful reorganization, which entails the sale of its assets.  At this time, no prospective buyer making a bid pursuant to the Bid Procedures has agreed to assume any of the Labor Agreements so Debtor must reject the Labor Agreements.

21.  <u>Fair and Equitable Treatment</u>.  With respect to this factor, Debtors submit that the Proposal treats all creditors, Debtors, and the employees fairly and equitably.  Again, the *Karykeion* case is illuminating.  The court commended the workers for "put[ting] their heart and soul into saving this hospital for the past 18 months."  435 B.R. at 680.  However, the court noted that the asset sale will ensure that some of the employees will continue employment; meanwhile, the creditors are receiving nothing or far less than the debt owed.  *Id.*  Ultimately, the court held that "there is sufficient shared pain to find that the [rejection of the CBAs] treats all parties fairly and equitably."  *Id.*  Similarly, here, the rejection of the Labor Agreements will help to ensure that most employees will continue their employment.  Meanwhile, the creditors will receive payment—if only partial—of the debt they are owed.

22.  <u>Refusal to Accept the Proposal</u>.  With respect to this factor, courts have held that it is not necessary to find that a representative has rejected a proposal in bad faith or with similar motive.  *In re Salt Creek Freightways*, 47 B.R. 835, 840-41 (Bankr. D. Wy. 1985). If the court finds that the company negotiated in good faith and the requested changes are necessary, the representative's refusal to accept the changes will not constitute "good cause."  *In re Allied Delivery System Co.*, 49 B.R. 700, 704 (Bankr. N.D. Ohio 1985).  Because the Unions

**Page 8 of 9** -  DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

have not identified a buyer under the Sale Motion who has made an offer in accordance with the Bid Procedures to assume the Labor Agreements, and because Debtors have negotiated in good faith, Debtors submit that the Unions have rejected the Proposal without good cause and that this factor is satisfied.

23.     <u>Balance of the Equities Clearly Favors Rejection</u>.  Debtors submit that the balance of the equities clearly favors rejection of the Labor Agreements.  The stalking horse bidder has stated that it will not assume the Labor Agreements.  At this time, no other buyer has made an offer under the Bid Procedures and no other prospective buyer has informed Debtors that they intend to make an offer that would include assumption and assignment of the Labor Agreements.  Debtors are ceasing their operations.  There is no basis to assume the Labor Agreements.  Rejecting the Labor Agreements will facilitate the sale of Debtors' assets to the winning bidder.  Completing the sales to the eventual winning bidder will increase the likelihood of a return to both secured and unsecured creditors, and will increase the likelihood that most employees retain their jobs.  Accordingly, the balance of the equities favors rejection of the Labor Agreements.  *See Karykeion*, 435 B.R. at 684.

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit 3**, approving Debtors' rejection of the Labor Agreements.

DATED this 14th day of October, 2019.

TONKON TORP LLP


By */s/ Timothy J. Conway*
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    Attorneys for Debtors

**Page 9 of 9** -   DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

# EXHIBIT 1

## Labor Agreements

# EXHIBIT 1

## LIST OF UNION-RELATED LABOR AGREEMENTS

| Name / Address | Description of Contract |
|---|---|
| Teamsters Local 324<br>ATTN: Chris Muhs<br>2686 Portland Rd. NE<br>Salem, Oregon 97301 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and Teamsters Local 324 for period from March 2, 2017 through March 1, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| Teamsters Local 670<br>ATTN: Michael Beranbaum<br>750 Browning Ave. SE<br>Salem, OR 97302 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. (Plants 1, 5, 6, 7 &8) and Teamsters Local 670 for period from April 1, 2017 through March 31, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| Teamsters Local 760<br>ATTN: Leonard Crouch<br>1211 West Lincoln<br>Yakima, WA 98902 | Collective Bargaining Union Agreement between Quincy Food, LLC and Teamsters Local 760 for period from January 1, 2018 through December 31, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| International Union of Operating Engineers Local 701<br>ATTN: Chris Montgomery<br>555 1st Street<br>Gladstone, Oregon 97027 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and International Union of Operating Engineers Local 701, for period from July 1, 2018 through June 30, 2021, and including any extension agreements and letters of understanding executed between the parties related thereto. |

009684/00004/10442168v1

EXHIBIT 1
Page 1 of 1

# EXHIBIT 2

## Proposal



NORPAC FOODS INC.

3225 25th St. SE
Salem, OR 97302-1133
PO Box 14444
Salem, OR 97309-5012
503-480-2100

*VIA FIRST CLASS MAIL AND EMAILS*
- *Teamstermuhs324@yahoo.com*
- *mberanbaum@teamster670.org*
- *leonary@teamsters760.org*
- *chris@iuoe701.com*

September 30, 2019

Teamsters Local 324
ATTN: Chris Muhs
2686 Portland Rd. NE
Salem, Oregon 97301

Teamsters Local 670
ATTN: Michael Beranbaum
750 Browning Ave SE
Salem, OR 97302

Teamsters Local 760
ATTN: Leonard Crouch
1211 W. Lincoln Ave.
Yakima, WA 98902

International Union of Operating Engineers Local 701
ATTN: Chris Montgomery
555 East 1st Street
Gladstone, Oregon 97027

Re:     *In re: NORPAC Foods, Inc., Hermiston Foods, LLC and Quincy Foods, LLC*
        USBC OR Case No. 19-62584-pcm11

Dear Teamsters and IUOE:

As you know, NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC (collectively "NORPAC") are currently in a Chapter 11 bankruptcy, and we are in the process of attempting to close the sale of NORPAC by the end of October. We regret to inform you that it now appears unavoidable that the company must cancel the labor agreements in order to attract potential buyers.

Enclosed is NORPAC's Section 1113(b)(1) Proposal to modify the labor agreements between the company and the unions. Also, we are willing to provide you with documents containing relevant information to evaluate the Proposal, as required by 11 U.S.C. 1113(b)(1)(B), and request that you contact Jackie Damm to determine what documents you need and she will arrange for those to be provided.

**EXHIBIT 2**
Page 1 of 4

Ms. Damm is available to meet, at reasonable times, with the authorized bargaining representatives to confer in good faith to reach a mutually satisfactory modification of the labor agreements. Ms. Damm is available to meet at a mutually agreeable location on the following dates: October 1 (after 1:30 pm), and October 2 (before 3:30 pm). Please respond directly to Ms. Damm at your earliest convenience of your availability. If there is additional information that you believe is necessary to evaluate the Proposal, please notify Ms. Damm in writing and she will promptly consider the request.

Sincerely,
NORPAC Foods, Inc.

Shawn Campbell
President & CEO

Enclosures
Cc: Jackie Damm, Ogletree Deakins (Jacqueline.damm@ogletree.com)

**EXHIBIT 2**
**Page 2 of 4**

Case 19-62584-pcm11    Doc 242    Filed 10/14/19



3225 25th St. SE
Salem, OR 97302-1133
PO Box 14444
Salem, OR 97309-5012
503-480-2100

NORPAC FOODS INC.

# NORPAC FOOD'S SECTION 1113
## PROPOSAL TO THE TEAMSTERS LOCAL UNION NOS. 324, 670 and 760
## AND INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701

### September 30, 2019

NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC (collectively "NORPAC") are Chapter 11 debtors in the United States Bankruptcy Court for the District of Oregon, Case No. 19-62584-pcm11 Lead Case (Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11) (hereinafter "Bankruptcy Cases"). Pursuant to Section 1113 of the Bankruptcy Code, NORPAC makes the following proposal (the "Proposal") to cancel the existing labor agreements, as identified in Exhibit A attached hereto, between NORPAC and the Teamsters, Locals 324, 670 and 760 and International Union of Operating Engineers Local 701 (collectively "the Unions"). NORPAC has determined that it is unable to continue operating its business. Consequently, NORPAC is attempting to sell its assets to one or more potential purchasers. If the assets are not sold to one or more of such potential purchasers, NORPAC's assets will be liquidated. On September 25, 2019 the court in the Bankruptcy Cases entered an Order (A) Approving Bid Procedures, (B) Scheduling An Auction And Hearing To Consider Sale of Debtor's Assets, and (C) Establishing Objection Deadlines, which among others items, established a stalking horse bidder for the assets. The stalking horse bidder has stated that they will not assume any obligations under any agreements identified in Exhibit A. Under NORPAC's current financial circumstances, this Proposal is necessary for NORPAC to consummate a sale, which will maximize the return to creditors. This Proposal is based on the most complete and reliable information available to date, and is fair and equitable to the parties affected by these proposed changes.

1. Potential buyers have indicated that they will likely, but are not required to, hire some or all of NORPAC's current employees, subject to the terms and conditions as established by the potential buyer.

2. The Unions will expressly agree that the purchaser will not assume any obligations or liability under any retirement plan available to NORPAC's union employees.

3. The Unions will expressly agree that the purchaser will not assume any obligations or liability under any agreements identified in Exhibit A.

4. The Unions will expressly agree that the purchaser will not recognize the Unions as the representative agents of the new hires unless and until there is an objective demonstration by the employees of majority support for the Unions.

5. The agreements identified in Exhibit A will be terminated because NORPAC will cease business operations because its operating assets will be sold. The termination of the agreements in Exhibit A will be effective on October 31, 2019 or the closing date when NORPAC sells all or substantially all of its assets to a purchaser(s), whichever is later.

**EXHIBIT 2**
**Page 3 of 4**

Case 19-62584-pcm11     Doc 242     Filed 10/14/19

**EXHIBIT A**

**LIST OF UNION-RELATED LABOR AGREEMENTS**
**SUBJECT TO 11 U.S.C. §1113 PROPSAL**

| Name / Address | Description of Contract |
|---|---|
| Teamsters Local 324<br>ATTN: Chris Muhs<br>2686 Portland Rd. NE<br>Salem, Oregon 97301 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and Teamsters Local 324 for period from March 2, 2017 through March 1, 2020, and including any letters of understanding executed between the parties relating thereto |
| Teamsters Local 670<br>ATTN: Michael Beranbaum<br>750 Browning Ave. SE<br>Salem, OR 97302 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. (Plants 1, 5, 6, 7 &8) and Teamsters Local 670 for period from April 1, 2017 through March 31, 2020, and including any letters of understanding executed between the parties relating thereto |
| Teamsters Local 760<br>ATTN: Leonard Crouch<br>1211 West Lincoln<br>Yakima, WA 98902 | Collective Bargaining Union Agreement between Quincy Food, LLC and Teamsters Local 760 for period from January 1, 2018 through December 31, 2020, and including any letters of understanding executed between the parties relating thereto |
| International Union of Operating Engineers Local 701<br>ATTN: Chris Montgomery<br>555 East 1st Street<br>Gladstone, Oregon 97027 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and International Union of Operating Engineers Local 701, for period from July 1, 2018 through June 30, 2021, and including any letters of understanding executed between the parties relating thereto |

**EXHIBIT 2**
**Page 4 of 4**

Case 19-62584-pcm11    Doc 242    Filed 10/14/19

# EXHIBIT 3

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc. [TIN 9330],<br>Hermiston Foods, LLC [TIN 3927], and<br>Quincy Foods, LLC [TIN 7444],<br><br>                Debtors. | Case No. 19-62584-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case<br>Nos. 19-33102-pcm11 and<br>19-33103-pcm11<br><br>**ORDER GRANTING DEBTORS'<br>MOTION TO REJECT COLLECTIVE<br>BARGAINING AGREEMENTS** |

       THIS MATTER having come before the Court upon Debtors' Motion to Reject

Labor Agreements (the "Motion") [ECF No. _____], a hearing having been held before the

Court, and the Court being duly advised in the premises and finding good cause; now, therefore;

       IT IS HEREBY ORDERED that Debtors' Motion to Reject Collective Bargaining

Agreements attached hereto as **Exhibit 1** is granted effective upon the closing date of the sale of

Debtors' assets in accordance with Debtors' Amended Motion for Order Approving (A) Bid and

Sale Procedures, Including Expense Reimbursement Fee, to Oregon Potato Company; and

**Page 1 of 9** -  DEBTORS' MOTION TO REJECT COLLECTIVE BARGAINING AGREEMENTS

(B) Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances; and (C)

Assumption and Assignment of Executory Contracts [ECF No. 83] and Order thereon.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:     al.kennedy@tonkon.com
               tim.conway@tonkon.com
               michael.fletcher@tonkon.com
               ava.schoen@tonkon.com
    Attorneys for Debtors

# EXHIBIT 1

## Labor Agreements

# EXHIBIT 1
## LIST OF UNION-RELATED LABOR AGREEMENTS

| Name / Address | Description of Contract |
|---|---|
| Teamsters Local 324<br>ATTN: Chris Muhs<br>2686 Portland Rd. NE<br>Salem, Oregon 97301 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and Teamsters Local 324 for period from March 2, 2017 through March 1, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| Teamsters Local 670<br>ATTN: Michael Beranbaum<br>750 Browning Ave. SE<br>Salem, OR 97302 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. (Plants 1, 5, 6, 7 &8) and Teamsters Local 670 for period from April 1, 2017 through March 31, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| Teamsters Local 760<br>ATTN: Leonard Crouch<br>1211 West Lincoln<br>Yakima, WA 98902 | Collective Bargaining Union Agreement between Quincy Food, LLC and Teamsters Local 760 for period from January 1, 2018 through December 31, 2020, and including any extension agreements and letters of understanding executed between the parties related thereto. |
| International Union of Operating Engineers Local 701<br>ATTN: Chris Montgomery<br>555 1st Street<br>Gladstone, Oregon 97027 | Collective Bargaining Union Agreement between NORPAC Foods, Inc. and International Union of Operating Engineers Local 701, for period from July 1, 2018 through June 30, 2021, and including any extension agreements and letters of understanding executed between the parties related thereto. |

009684/00004/10442168v1

EXHIBIT 1
Page 1 of 1