Kristen G. Hilton, OSB No. 151950
Jeffrey C. Misley, OSB No. 850674
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: khilton@sussmanshank.com
E-Mail: jmisley@sussmanshank.com

Kate Ellis
McCarron & Diess
4530 Wisconsin Ave., NW
Washington, DC 20016
Tel: (202) 364-0400
kellis@mccarronlaw.com
    *Admitted Pro Hac Vice*

    Attorneys for Superior Foods, Inc.
    and Superior Foods International, LLC

### IN THE UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>NORPAC Foods, Inc., Hermiston Foods, LLC, and Quincy Foods, LLC,<br><br>        Debtors. | ) Case No. 19-62584-pcm11<br>) **LEAD CASE**<br>)<br>) (Jointly Administered with Case<br>) Nos. 19-33102-pcm11 and<br>) 19-33103-pcm11)<br>)<br>)<br>) **OMNIBUS LIMITED OBJECTION TO:**<br>) **(A) PROPOSED ORDER GRANTING**<br>) **COBANK, ACB RELIEF FROM THE**<br>) **AUTOMATIC STAY; (B) CASTLE**<br>) **ROCK FARMING, LLC'S**<br>) **EMERGENCY MOTION FOR RELIEF**<br>) **FROM AUTOMATIC STAY [DOC. 375];**<br>) **AND (C) SEMINIS VEGETABLE**<br>) **SEEDS, INC.'S EMERGENCY MOTION**<br>) **FOR RELIEF FROM AUTOMATIC**<br>) **STAY [DOC. 377]** |

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 19-62584-pcm11    Doc 381    Filed 11/12/19

1       COME NOW, Superior Foods, Inc. ("SF") and Superior Foods International, LLC

2 ("SFI") (SF and SFI are the "Superior Creditors"), by and through undersigned counsel, and file

3 this omnibus limited objection to the (A) *Proposed Order Granting CoBank, ACB Relief from*

4 *the Automatic Stay* [Docs. 327, Exhibit A] ("CoBank Request"); (B) *Castle Rock Farming,*

5 *LLC's Emergency Motion for Relief from the Automatic Stay* ("Castle Rock Motion") [Docs.

6 375]; and (C) *Seminis Vegetable Seeds, Inc.'s Emergency Motion for Relief form Automatic Stay*

7 ("Seminis Motion") [Docs. 377] (together, the "Stay Relief Requests"). In support of their

8 limited objection, Superior Creditors state as follows:

9                 **I.     FACTUAL BACKGROUND**

10      1.     Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of

11 the United States Code (the "Bankruptcy Code") on August 22, 2019 (the "Petition Date").

12      2.     Debtors are continuing in possession of their business and property as debtors-

13 in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

14      3.     Debtors are purchasers of wholesale quantities of produce and licensed under the

15 provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA").

16 *See* PACA License Information, attached hereto as <u>Exhibit A</u>.[1]

17      4.     Superior Creditors' pre-petition PACA trust sales have been paid pursuant to the

18 *Order Granting Debtors' Motion for Authority to Pay Prepetition PACA Claims* [Doc. 50].

19      5.     SFI has continued to supply Debtors post-petition. Post-petition, SFI sold and

20 delivered to Debtors, in interstate commerce or contemplation thereof, wholesale quantities of

21 produce having the aggregate principal value of $88,890.00, all of which was accepted by

22 Debtors and will be due and payable as follows:

23 /// 

24 /// 

25 

26 [1] PACA license information is published by the USDA's Agricultural Marketing Service at
https://usdaams.service-now.com/public_search.

Page 2 of 13 - OMNIBUS LIMITED OBJECTION

| Invoice No. | Balance | Due Date |
|---|---|---|
| 435699 | $33,880.00 | 11/17/19 |
| 435073 | $27,550.00 | 11/21/19 |
| 435074 | $27,550.00 | 11/24/19 |
| **Principal Balance** | **$88,980.00** | |

SFI's PACA license information, statement of account, and unpaid invoices are attached hereto as Exhibit B.

6. SFI is licensed under PACA and timely preserved its interest in the statutory trust arising under PACA by including the statutory language on the face of its invoices to Debtors. 7 U.S.C. § 499e(c)(4). *See* Exhibits A and B.

7. On September 25, 2019, this Court entered the *Amended Final Order Granting Debtors' Motion for Authorization to Obtain Secured Credit (Amended Only for Purpose of Attaching Budget)* (the "DIP Order") [Doc. 202]. The DIP Order provides in relevant part that the Post-petition Indebtedness of CoBank "shall be secured by a security interest and lien on all present and future property of the Estates"... "which lien and security interest shall have priority over all other liens, claims and expenses in Debtors' Cases **except** with respect to the... valid beneficiaries of assets subject to a trust arising under PACA (as defined in the Credit Agreement)." DIP Order ¶ 8(a)(ii) (emphasis added). The DIP Order further provides,

> PACA. Notwithstanding anything to the contrary contained therein, nothing in this Order, any interim order, the Credit Agreement, or the other Loan Documents, shall be construed to prime, subordinate, diminish or impair the rights of valid trust beneficiaries under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"), and nothing contained in this Order, any interim order, the Credit Agreement, or the other Loan Documents shall be construed to require that valid PACA beneficiaries must bring a Challenge in order to assert or preserve such rights. In the event of a Specified Sale or a sale of any of the Debtors' assets, including in the event of a credit bid, sufficient funds must be set aside to ensure any valid PACA claims which remain unpaid are paid in full.

DIP Order ¶ 27.

8. On November 1, 2019, CoBank filed the CoBank Request attesting to certain defaults by the Debtors and requesting immediate lifting of the automatic stay so that CoBank

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    can assert all rights available to it under law, including but not limited to appointment of a state

2    or federal receiver. [Doc. 327]. The hearing on the CoBank Request was continued to November

3    12, 2019. Attempts to consensually resolve Superior Creditors' concerns were unsuccessful.

4          9.    Castle Rock Farming, LLC ("Castle Rock") asserts that it is a senior lienholder

5    in "all agriculture produce of NORPAC, all proceeds therefrom, and all other inventory of

6    NORPAC, that is, a senior Lien in a portion of Debtors' assets that CoBank seeks to monetize."

7    *Castle Rock Motion* ¶ 18.  Similarly, Seminis Vegetable Seeds, Inc. ("Seminis") asserts it has a

8    has a "senior Lien in the Grain and proceeds thereof, that is, a senior Lien in a portion of

9    Debtors' assets that CoBank seeks to monetizes." *Seminis Motion* ¶ 20.  In their respective

10   Motions, both filed on November 8, 2019, Castle Rock and Seminis request that they be

11   permitted to pursue all rights and remedies available under applicable law, including against

12   collateral secured by their liens, among other relief.  *Castle Rock Motion*, pp. 5-6; *Seminis*

13   *Motion*, pp. 5-6.

## II.    ARGUMENT

### A. Scope and Purpose of the PACA Trust.

16         10.    PACA is a remedial statute designed to protect sellers of perishable commodities

17   who, without the statute, would lack any way to secure themselves against non-payment by their

18   customers. H. Rep. No. 543, 98th Cong., 1st Sess. 3 (1983), reprinted in 1984 *U.S. Code Cong &*

19   *Admin News* ("*USCCAN*") 405, 407.  As a remedial statute, PACA "should be given a liberal

20   construction to effectuate its statutory purpose." *Hull Company v. Hauser Foods, Inc.*, 924 F.3d

21   777, 781 (8th Cir. 1991).  In the early 1980's, "Congress determined that the increase in non-

22   payment and delinquent payment by produce dealers threatened the financial stability of produce

23   growers." *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990).  To remedy this

24   problem, Congress amended PACA in 1984 by creating a statutory trust in Section 499e to

25   "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities

26   until full payment of sums due have been received by them." H. Rep. No. 543, 98th Cong., 1st

Page 4 of 13 - OMNIBUS LIMITED OBJECTION

1    Sess. (1983), reprinted in 1984 *U.S. Code Cong & Admin News* 405, 406.

2    11.    The legislative history of PACA, and the cases interpreting the statute, make clear

3 that the claims of secured creditors cannot trump the claims of valid PACA trust creditors. 49

4 Fed. Reg. 45735, 45738 (1984) ("While the regulations do not prohibit a buyer or receiver from

5 granting a secured interest in trust assets, they make it clear that the secured interest is secondary

6 and specifically voidable in order to satisfy debts to unpaid suppliers, sellers, or agents in

7 perishable agricultural commodity transactions"); 7 U.S.C. § 499e(c)(1); *S & H Packing & Sales*

8 *Co. v. Tanimura Distrib.*, 883 F.3d 797, 802 (9th Cir. 2018); *Nickey Gregory Co., LLC v. Agricap,*

9 *LLC,* 597 F.3d 591, 594 (4th Cir. 2010); *A & J Produce Corp. v. Bronx Overall Economic*

10 *Development Corp.*, 542 F.3d 54, 58 (2d Cir. 2008); *Reaves Brokerage Co. v. Sunbelt Fruit &*

11 *Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003); *Endico Potatoes v. CIT Group/Factoring*, 67

12 F.3d 1063, 1067 (2d Cir. 1995); *Tom Lange Co. v. Lombardo Fruit & Produce (In re Lombardo*

13 *Fruit & Produce Co.)*, 12 F.3d 806, 809 (8th Cir. 1993) (trust requires debtor to use proceeds from

14 sale of produce to pay suppliers before paying secured creditors).

15    12.    The trust provision requires a produce receiver to hold in trust as a fiduciary its

16 produce-related assets, which includes the produce itself, products derived therefrom, as well as any

17 receivables or proceeds from the sale thereof, until full payment is made to the seller.  7 U.S.C. §

18 499e(c)(2); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997); *Bear Mountain*

19 *Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 166-67 (3d Cir. 2010); *Idahoan Fresh v. Advantage*

20 *Produce, Inc.*, 157 F.3d 197 (3d Cir. 1998); *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996);

21 *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010 (6th Cir. 1993).  The trust is

22 non-segregated and floating, and permits the commingling of trust assets without defeating the trust.

23 *S & H Packing*, 883 F.3d at 802.  Therefore, produce buyers need not segregate PACA trust assets

24 from non-PACA trust assets.  But, once funds are commingled, such as when a produce buyer

25 deposits proceeds from the sale of produce and proceeds from the sale of non-produce items into

26 the same bank account, every asset acquired or paid for with commingled funds -- including the

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1    commingled funds themselves -- is presumed a PACA trust asset. *Sanzone-Palmisano Co.*, 986

2    F.2d at 1014. Thus, each dollar from the sale of produce is to be held in trust for the benefit of all

3    unpaid produce suppliers, and every item acquired with a produce dollar is presumed a PACA trust

4    asset to be held for the benefit of the produce buyer's produce suppliers. *Consumers Produce Co. v.*

5    *Volante Wholesale Produce*, 16 F.3d 1374, 1378 (3d Cir. 1994); *see In re Kornblum*, 81 F.3d at

6    287; *Sanzone-Palmisano Co.*, 986 F.2d at 1012-13; *Consumers Produce Co. v. Fredericktown*

7    *Produce Co.*, 2015 U.S. Dist. LEXIS 19869, at *20 (W.D.Pa. Feb. 19, 2015) ("This prevents

8    circumvention of the intent of the PACA statute by simply converting cash proceeds into other

9    property to be sold by the trustee or, as in this case, assigning an asset, paid for with agricultural

10   proceeds, to a secured lender and leaving produce sellers unprotected.")

11          13.     Even if the secured lender's interest in the property is pursuant to a purchase

12   money security interest, the use of PACA trust funds to acquire, preserve or maintain an asset

13   has the effect of converting the subject asset itself into a PACA trust asset. *Chiquita Fresh N.*

14   *Am., LLC v. Long Island Banana Corp.*, 2016 U.S. Dist. LEXIS 88494, at *41 (E.D.N.Y. July 7,

15   2016) *adopted by Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 2016 U.S. Dist.

16   LEXIS 99495 (E.D.N.Y. July 28, 2016); *Restatement (Second) of Trusts* § 202(1); George T.

17   Bogert, *Trusts*, p. 428 (6th Ed.); III A. Scott, *Scott on Trusts*, § 202 at 1659 (3d Ed.); *American*

18   *Fruit & Vegetable Co., Inc.*, 848 F.Supp.2d at 377 (W.D.N.Y. 2011) ("where a PACA trustee has

19   improperly caused PACA trust funds to be diverted for the purpose of improving or paying for

20   real property, PACA beneficiaries may seek to recover through a lien on the property"); *Mid-*

21   *Valley Produce Corp. v. 4-XXX Produce Corp.*, 833 F.Supp. 193 (E.D.N.Y., 1993) (use of

22   PACA trust funds to pay mortgage on home resulted in imposition of constructive trust on home

23   for benefit of PACA creditors); *In re Al Nagelberg & Co., Inc.*, 84 B.R. 19, 21 (S.D.N.Y. Bankr.,

24   1988) ("If, as alleged, there was a wrongful diversion of trust assets, and if those assets can be

25   traced into another asset held by the debtor, the new asset may be impressed with a constructive

26   trust under ordinary trust principles").

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

14.     Once proceeds from the sale of produce are commingled with other non-produce proceeds, it is "virtually impossible" for the party challenging the scopes of the trust to show that the asset is not a PACA trust asset. *Sanzone-Palmisano Co.*, 986 F.2d at 1014; *see also In re Kornblum & Co., Inc.*, 81 F.3d at 287; *Six L.'s Packing Co. v. West Des Moines State Bank*, 967 F.2d 256, 258 (8th Cir. 1992). Even assets acquired before the sales transactions at issue are presumed PACA trust assets, unless a party challenging the scope of the PACA trust can show:  (1) no PACA trust existed when the asset was acquired; or (2) although a PACA trust existed at the time, the asset was not acquired with trust assets; or (3) although a PACA trust existed when the asset was acquired, and the asset was acquired with trust assets, all unpaid sellers of produce were paid in full prior to the transactions involving the unpaid PACA trust creditors herein.  *In re Kornblum & Co., Inc.*, 81 F.3d at 287.

15.     This is necessarily so, otherwise the last seller of produce would be excluded from access to the PACA trust assets; or, a produce buyer could defeat the trust by converting PACA assets into other assets that are removed from the sale of produce or its proceeds.  Therefore, Courts have held that everything from insurance policy proceeds (*Fredericktown Produce Co.*, 2015 U.S. Dist. LEXIS 19869; *Sam Wang Produce, Inc. v. EE Mart FC, LLC*, 2010 WL 605082 (E.D. Va. 2010)), to business property, vehicles, and all business equipment paid for with commingled PACA trust funds (*Hereford Haven, Inc. v. Ralph Stevens*, 1999 WL 155707 (N.D. Tex 1999)) are PACA trust assets.  These holdings also extend to real property of the produce buyer. *A&J Produce Corp., v. Bronx Overall Economic Development Corporation*, 542 F.3d 54 (2d Cir. 2008) (proceeds from the sale of units on the Hunts Point Terminal produce market, which were acquired with PACA trust funds, are PACA trust assets); *In re Kornblum & Co., Inc.*, 81 F.3d at 287 (proceeds from the sale of membership interests and leases on real property, paid for with PACA trust assets, are PACA trust assets); *Tony Vitrano Company v. National Produce Co., Inc.*, 815 F. Supp. 23 (D.D.C. 1993) (proceeds from sale of real property, paid for with PACA trust funds, are PACA trust assets); *In re Al Nagelberg & Co.*, 84 B.R. 19 (Bankr. S.D.N.Y. 1988) (payments to co-op impressed with the

Page 7 of 13 - OMNIBUS LIMITED OBJECTION

1    PACA trust).

2        16.    Failure to maintain the trust and make full payment promptly to the trust

3    beneficiaries is unlawful. 7 U.S.C. § 499b(4). Produce dealers are required to maintain trust assets

4    so that they are "freely available" to satisfy outstanding obligations to PACA trust beneficiaries, and

5    any act or omission inconsistent with this responsibility, including dissipation of trust assets, is

6    proscribed. *S & H Packing,* 883 F.3d at 802; 7 C.F.R. § 46.46(d)(1). Dissipation of trust assets,

7    defined as the diversion of trust assets or the **impairment of a seller's right to obtain payment** (7

8    C.F.R. § 46.46(a)(2)), is forbidden. 7 C.F.R § 46.46(d)(1) (emphasis added).

9        17.    When a produce buyer files for bankruptcy protection, the PACA trust assets are not

10    part of the debtor's estate. 11 U.S.C. § 541(d); 49 Fed. Reg. 45735, 45738; *S & H Packing,* 883

11    F.3d at 803; *Sunkist Growers v. Fisher,* 104 F.3d 280, 282 (9th Cir. 1997) ("Ordinary principles of

12    trust law apply to trusts created under PACA, so that for instance the trust assets are excluded from

13    the estate should the dealer go bankrupt."); *In re Southland & Keystone,* 132 B.R. 632 (9th Cir.

14    BAP 1991); *In re Kelly Food Products, Inc.,* 204 B.R. 18 (Bankr. C.D. Ill. 1997); *Morris Okun, Inc.*

15    *v. Harry Zimmerman, Inc.,* 814 F. Supp. 346, 348 (S.D.N.Y. 1993).

16        18.    "PACA trust beneficiaries are entitled to full payment before trustees may lawfully

17    use trust funds to pay other creditors." *C.H. Robinson Company v. Alanco Corp.,* 239 F.3d 483, 488

18    (2d Cir. 2001). PACA's trust provision "effectively vitiates a lender's security interest in trust

19    assets held by produce purchasers vis-a-vis unpaid produce suppliers." *Volante Wholesale Produce,*

20    16 F.3d at 1379. PACA's trust provisions provide that unpaid produce sellers "are placed first in

21    line among creditors for all produce-related assets if the produce dealer declares bankruptcy." *Frio*

22    *Ice, S.A.,* 918 F.2d 154; *see also, In re Kornblum & Co.,* 81 F.3d 280; *Sanzone-Palmisano*

23    *Company,* 986 F.2d 1010. "It is clear from the terms of the PACA amendments and from the

24    supporting legislative history that Congress intended to create a *priority* status for unpaid produce

25    claimants, priming even the administrative claims which normally stand first in line in a bankruptcy

26    distribution." *In re Fresh Approach, Inc.,* 51 B.R. 412, 420 (Bankr. N.D. Tex. 1985) (emphasis in

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  original).

2  **B. Relief Requested by CoBank. Castle Rock, and Seminis.**

3      19.    Here, CoBank asserts that the rights conferred to it in the DIP Order allow it to

4  obtain immediate relief from the automatic stay. CoBank Request, p. 2. CoBank's intentions and

5  the scope of the relief demanded by it are unknown. Castle Rock assets it is a senior lienholder in

6  all of Norpac's agricultural products, proceeds therefrom, and inventory; Seminis asserts it has a

7  senior lien to grain and the proceeds therefrom. Castle Rock Motion ¶ 18; Seminis Motion ¶ 20.

8  But, all assets of the Debtors are presumed to be impressed with the PACA trust. 7 U.S.C. §

9  499e(c)(2). CoBank, Castle Rock, and Seminis cannot be permitted to exercise dominion over,

10 control or take possession of assets impressed with the PACA trust while PACA trust creditors are

11 unpaid. Allowing a secured creditor to take possession of assets impressed with the trust while

12 PACA beneficiaries are unpaid is a violation of PACA. 7 U.S.C. § 499e(c)(1); *see In re*

13 *Kornblum*, 81 F.3d at 287. CoBank has conceded that PACA applies to this matter, that its Post-

14 petition Indebtedness is subject and subordinate to the rights of PACA creditors, and the DIP

15 Order specifically provides that the rights of PACA trust creditors are preserved. CoBank has

16 agreed to a forbearance agreement with the Debtors, which was approved by the Court on

17 November 6, 2019, but that agreement expires on November 15, 2019. SFI's outstanding sales to

18 Debtors will be due from November 17-24, 2019. By that time, the forbearance agreement will

19 have expired, and if CoBank, Castle Rock, and Seminis are granted the broad and unfettered relief

20 they request, the disposition of the PACA trust assets belonging to SFI, and similarly situated

21 PACA trust creditors, will be unknown.

22     20.    Allowing relief from the automatic stay, and the exercise of potentially broad

23 remedies by Debtors' secured lenders, without also requiring that PACA trust funds be

24 segregated and paid would violate the requirement that trust funds be maintained such that they

25 are freely available to pay PACA beneficiaries and constitute dissipation of trust funds, which is

26 expressly forbidden. 7 C.F.R § 46.46(d)(1). When there is a threat of dissipation, a court should

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Case 19-62584-pcm11    Doc 381    Filed 11/12/19

| | |
|---|---|
| 1 | direct a "PACA debtor to escrow its proceeds from produce sales, identify its receivables, and |
| 2 | inventory its assets." *Frio Ice, S.A.*, 918 F.2d at 159. SFI also recognizes that the $88,890.00 due |
| 3 | to it is a small portion of the overall assets in this case and does not wish to interfere with the |
| 4 | rights of lienholders in their collateral. But, PACA trust assets are not part of the Debtors' |
| 5 | bankruptcy estates and cannot be diverted to lienholders while PACA trust beneficiaries remain |
| 6 | unpaid. Accordingly, SFI requests that any relief from the automatic stay also provide that funds |
| 7 | be segregated in the amount of unpaid PACA trust claims, and that such amounts be promptly |
| 8 | paid to PACA trust creditors in accordance with PACA. 7 U.S.C. § 499b(4). |

## IV.  CONCLUSION

| | |
|---|---|
| 10 | Based on the controlling law and argument set forth above, Superior Creditors |
| 11 | respectfully request that any that any relief from the automatic stay granted by the Court |
| 12 | specifically provide that sufficient funds shall be segregated to ensure that PACA trust creditors |
| 13 | are paid in full, that such payments be promptly made, and that Superior Creditors be awarded |
| 14 | such other and further relief as the Court deems just and proper. |
| 15 | Dated: November 11, 2019 |
| 16 | SUSSMAN SHANK LLP |
| 17 | By: */s/ Kristen G. Hilton* |
| 18 | Kristen G. Hilton, OSB No. 151950<br>Jeffrey C. Misley, OSB No. 850674 |
| 19 | Attorneys for Attorneys for Superior Foods, Inc.<br>and Superior Foods International, LLC |
| 20 | |
| 21 | MCCARRON & DIESS<br>Kate Ellis, *Admitted Pro Hac Vice* |
| 22 | Co-Counsel for Superior Foods, Inc. and Superior |
| 23 | Foods International, LLC |
| 24 | |
| 25 | |
| 26 | |

Page 10 of 13 - OMNIBUS LIMITED OBJECTION

# NORPAC FOODS INC

🖶 Print

📖 **License**

**License No.**
19006059

**Date Issued**
1931-12-01

**Anniversary Date**
2020-12-01

**Status**
Active with Bankruptcy

📇 **Contacts**

**Phone**
(503) 480-2100

**Fax**
(503) 480-2199

**Email**
TIA@NORPAC.COM

**Web Address**

📍 **Business Address**

**Address**
3225 25TH ST SE

**City**
SALEM

**State**
OR

**Zip**
97302

✉ **Mailing Address**

**Address**
PO BOX 14444

**City**
SALEM

**State**
OR

**Zip**
97309

📖 **Informal Complaints**

**No. of Informal Reparation Complaints**
1

**No. of Disputed Informal Reparation Complaints**
0

📖 **Formal Complaints**

**No. of Formal Reparation Complaints**
0

**No. of Disputed Formal Reparation Complaint**
0

**Total Formal Claim Amount**
$0.00

**Reported Principal(s) (First & Last Name, Entity Name, Estate or Trust Name)**

STEVE KOCH
GARY BUTLER
KEN HENDRICKS
Caleb Williams
SHAWN CAMPBELL
DOUG ZIELINSKI
DELBERT HAENER
ALAN KEUDELL
ROBERT MAY
GARY COOK
RICHARD MUNEKIYO
TOM FESSLER

**Trade Name(s)**

FLAV-R-PAC

EXHIBIT A
Page 1 of 3

Case 19-62584-pcm11    Doc 381    Filed 11/12/19

WEST PAC

## Branch(es)

| Branch Name | City | State |
| --- | --- | --- |
| NORPAC FOODS INC | BROOKS | OR |
| NORPAC FOODS INC | SALEM | OR |

EXHIBIT A
Page 2 of 3

Case 19-62584-pcm11 · Doc 381 · Filed 11/12/19

# HERMISTON FOODS LLC

🖶 Print

## 🆔 License

**License No.**
**Date Issued**
**Anniversary Date**
**Status**
Active

## 🆔 Contacts

**Phone**
(503) 480-2100
**Fax**
(503) 480-2199
**Email**
TIA@NORPAC.COM
**Web Address**

## 📍 Business Address

**Address**
2250 HWY 395 SO,
**City**
HERMISTON
**State**
OR
**Zip**
97838

## ✉ Mailing Address

**Address**
PO BOX 14444,
**City**
SALEM
**State**
OR
**Zip**
97309

## 🆔 Informal Complaints

**No. of Informal Reparation Complaints**
0
**No. of Disputed Informal Reparation Complaints**
0

## 🆔 Formal Complaints

**No. of Formal Reparation Complaints**
0
**No. of Disputed Formal Reparation Complaint**
0
**Total Formal Claim Amount**
$0.00

**Reported Principal(s) (First & Last Name, Entity Name, Estate or Trust Name)**

**Trade Name(s)**

**Branch(es)**

| Branch Name | City | State |
|---|---|---|

EXHIBIT A
Page 3 of 3

Case 19-62584-pcm11     Doc 381     Filed 11/12/19

# SUPERIOR FOODS INTERNATIONAL LLC

🖨 Print

## 📖 License

**License No.**
20180851

**Date Issued**
2018-06-20

**Anniversary Date**
2020-06-20

**Status**
Active

## 📇 Contacts

**Phone**
(831) 728-3691

**Fax**
(831) 722-4909

**Email**
PAYABLES@SUPERIORFOODS.COM

**Web Address**
WWW.SUPERIORFOODS.COM

## 📍 Business Address

**Address**
275 WESTGATE DR,

**City**
WATSONVILLE

**State**
CA

**Zip**
95076

## ✉ Mailing Address

**Address**

**City**

**State**

**Zip**

## 📖 Informal Complaints

**No. of Informal Reparation Complaints**
0

**No. of Disputed Informal Reparation Complaints**
0

## 📖 Formal Complaints

**No. of Formal Reparation Complaints**
0

**No. of Disputed Formal Reparation Complaint**
0

**Total Formal Claim Amount**
$0.00

**Reported Principal(s) (First & Last Name, Entity Name, Estate or Trust Name)**

DAVID MOORE
MARCO CRUZ MEYER
LEWIS LETTUNICH

**Trade Name(s)**

**Branch(es)**

| Branch Name | City | State |
|---|---|---|

EXHIBIT B
Page 1 of 6

Case 19-62584-pcm11    Doc 381    Filed 11/12/19

EXHIBIT B
Page 2 of 6

Case 19-62584-pcm11    Doc 381    Filed 11/12/19

Superior Foods International
Detail Aging Report As Of 11/08/19
Based On Due Date
Numeric Sort From 0605 To 0605

| Invoice | Date | PO Number | Order | Terms | Type | Future | Current | 31-Days | 61-Days | 91-Days | 121-Days | Balance |
|---------|------|-----------|-------|-------|------|--------|---------|---------|---------|---------|----------|---------|
| 0605 NORPAC FOODS INC | | | | (503) 480-2100 | | LESLIE STEVENS | | CREDIT LIMIT: | 250,000.00 | | | |
| 0435073 | 11/21/19 | 20193875 | None | 14 | S | 27550.00 | | | | | | 27550.00 |
| 0435074 | 11/24/19 | 20193876 | None | 14 | S | 27550.00 | | | | | | 27550.00 |
| 0437699 | 11/17/19 | 20194163 | None | 14 | S | 33880.00 | | | | | | 33880.00 |
| | | | | | | 88980.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88980.00 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grand Total: | | | | | | 88980.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 88980.00 |

EXHIBIT B
Page 3 of 6



# SUPERIOR
FOODS

**Superior Foods International**
**275 WESTGATE DRIVE**
**WATSONVILLE, CA 95076**

**(831) 728-3691**
**FAX (831) 728-0926**
**(800) 445-9999**

| INVOICE | No. 0437699 |
|---|---|
| CUSTOMER NO. 0605 | INVOICE DATE 10/18/19 |
| P.O. No. 20194163 | REQUESTED SHIP DATE 10/15/19 |
| TERMS NET 30 DAYS | SHIP VIA DELIVERED |
| FREIGHT TERMS PPD SUPERIOR | SALESPERSON L TERRY |
| F.O.B. SALEM, OR | |

**INVOICE COPY**

**SOLD TO**

NORPAC FOODS INC
P.O. BOX 14444
SALEM, OR 97309-5012

**SHIP TO**

LINEAGE LOGISTICS
2525 EWALD ST SE
SALEM, OR 97302

| UNITS | BUYER CODE | LABEL | GRD | PACK SIZE | PRODUCT DESCRIPTION | STYLE TYPE | UNIT PRICE | AMOUNT $US |
|---|---|---|---|---|---|---|---|---|
| 44000 | | A SFI PO | 194 | TOTES 399 | PEA PODS | WHOLE | .7700 | 33880.00 |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

| YOU MAY TAKE A DISCOUNT OF: .00 | AND REMIT THE NET OF: 33,880.00 | IF PAYMENT HAS BEEN RECEIVED BY US ON OR BEFORE: | OTHERWISE, PLEASE PAY FULL INVOICE AMOUNT $US ➔ | 33,880.00 |
|---|---|---|---|---|

NOTE: All claims and deductions for merchandise short or damage will be allowed only when accompanied by an OS&D report properly completed by delivery carrier or receiving warehouse. A FINANCE CHARGE OF 1.5% per month (18% per year) or the maximum legal rate will be charged on past due accounts. THE COST OF COLLECTION, including ATTORNEYS FEES, wil be charged on past due accounts whenever such costs are incurred.

**EXHIBIT B**
**Page 4 of 6**



**SUPERIOR** FOODS

Superior Foods International
275 WESTGATE DRIVE
WATSONVILLE, CA 95076

(831) 728-3691
FAX (831) 728-0926
(800) 445-9999

| INVOICE | No. 0435074 |
|---|---|
| CUSTOMER NO. 0605 | INVOICE DATE 10/25/19 |
| P.O. No. 20193876 | REQUESTED SHIP DATE 10/20/19 |
| TERMS NET 30 DAYS | SHIP VIA DELIVERED |
| FREIGHT TERMS PPD SUPERIOR | SALESPERSON L TERRY |
| F.O.B. SALEM, OR | |

**INVOICE COPY**

SOLD TO

NORPAC FOODS INC
P.O. BOX 14444
SALEM, OR 97309-5012

SHIP TO

LINEAGE LOGISTICS
2525 EWALD ST SE
SALEM, OR 97302

| UNITS | BUYER CODE | LABEL | GRD | PACK SIZE | PRODUCT DESCRIPTION | STYLE TYPE | UNIT PRICE | AMOUNT $US |
|---|---|---|---|---|---|---|---|---|
| 38000 | | 1-2" A1 SFI PO 40 TOTES | 193 | TOTES 308 | BROCCOLI | FLORETS | .7250 | 27550.00 |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

| YOU MAY TAKE A DISCOUNT OF: | AND REMIT THE NET OF: | IF PAYMENT HAS BEEN RECEIVED BY US ON OR BEFORE: | OTHERWISE, PLEASE PAY FULL INVOICE AMOUNT $US | → | |
|---|---|---|---|---|---|
| .00 | 27,550.00 | | | | 27,550.00 |

NOTE: All claims and deductions for merchandise short or damage will be allowed only when accompanied by an OS&D report properly completed by delivery carrier or receiving warehouse. A FINANCE CHARGE OF 1.5% per month (18% per year) or the maximum legal rate will be charged on past due accounts. THE COST OF COLLECTION, including ATTORNEYS FEES, wil be charged on past due accounts whenever such costs are incurred.

**EXHIBIT B**
**Page 5 of 6**



**SUPERIOR** FOODS

Superior Foods International
275 WESTGATE DRIVE
WATSONVILLE, CA 95076

(831) 728-3691
FAX (831) 728-0926
(800) 445-9999

| INVOICE | No. 0435073 |
|---------|-------------|
| CUSTOMER NO. 0605 | INVOICE DATE 10/22/19 |
| P.O. No. 20193875 | REQUESTED SHIP DATE 10/20/19 |
| TERMS NET 30 DAYS | SHIP VIA DELIVERED |
| FREIGHT TERMS PPD SUPERIOR | SALESPERSON L TERRY |
| F.O.B. SALEM, OR | |

**INVOICE COPY**

SOLD TO

NORPAC FOODS INC
P.O. BOX 14444
SALEM, OR 97309-5012

SHIP TO

LINEAGE LOGISTICS
2525 EWALD ST SE
SALEM, OR 97302

| UNITS | BUYER CODE | LABEL | GRD | PACK SIZE | PRODUCT DESCRIPTION | STYLE TYPE | UNIT PRICE | AMOUNT $US |
|-------|-----------|-------|-----|-----------|---------------------|-----------|-----------|-----------|
| 38000 | | 1-2" A1 SFI PO 40 TOTES | 193 | TOTES 307 | BROCCOLI | FLORETS | .7250 | 27550.00 |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C.499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

| YOU MAY TAKE A DISCOUNT OF: .00 | AND REMIT THE NET OF: 27,550.00 | IF PAYMENT HAS BEEN RECEIVED BY US ON OR BEFORE: | OTHERWISE, PLEASE PAY FULL INVOICE AMOUNT $US → | 27,550.00 |

NOTE: All claims and deductions for merchandise short or damage will be allowed only when accompanied by an OS&D report properly completed by delivery carrier or receiving warehouse. A FINANCE CHARGE OF 1.5% per month (18% per year) or the maximum legal rate will be charged on past due accounts. THE COST OF COLLECTION, including ATTORNEYS FEES, wil be charged on past due accounts whenever such costs are incurred.

**EXHIBIT B**
**Page 6 of 6**

1  

2  I, Joanna M. Bolstad, declare as follows:

3  I am employed in the County of Multnomah, state of Oregon; I am over the age of

4  eighteen years and am not a party to this action; my business address is 1000 SW Broadway,

5  Suite 1400, Portland, Oregon 97205-3089, in said county and state.

6  I certify that on November 11, 2019, I served **via first class mail**, a full and correct copy

7  of the foregoing **OMNIBUS LIMITED OBJECTION TO: (A) PROPOSED ORDER**

8  **GRANTING COBANK, ACB RELIEF FROM THE AUTOMATIC STAY; (B) CASTLE**

9  **ROCK FARMING, LLC'S EMERGENCY MOTION FOR RELIEF FROM**

10  **AUTOMATIC STAY [DOC. 375]; AND (C) SEMINIS VEGETABLE SEEDS, INC.'S**

11  **EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY [DOC. 377]** to the

12  parties of record, addressed as follows:

13  Alvarez & Marsal North America, LLC
14  425 Market St
   San Francisco, CA 94105

15
16  RONALD DAVID PAUL BRUCKMANN
   Shumaker, Loop & Kendrick, LLP
17  101 S Tryon St #2200
   Charlotte, NC 28280

18
19  SCOTT CARGILL
   Lowenstein Sandler LLP
20  One Lowenstein Dr
   Roseland, NJ 07068

21  HM Clause, Inc.
22  26 Cousteau Place, Ste. 210
   Davis, CA 95618

23
24  International Paper Co.
   6400 Poplar Ave.
25  Memphis, TN 38197

26  /// 

Page 11 of 13 - OMNIBUS LIMITED OBJECTION

| | |
|---|---|
| 1 | CHRISTOPHER M. KIERNAN |
| | Blakeley LLP |
| 2 | 18500 Von Karman Ave #530 |
| 3 | Irvine, CA 92612 |
| 4 | Kurtzman Carson Consultants LLC |
| | 222 N Pacific Coast Hwy 3rd Fl |
| 5 | El Segundo, CA 90245 |
| 6 | BARRETT MARUM |
| 7 | 379 Lytton Ave |
| | Palo Alto, CA 94301-1479 |
| 8 | |
| | Mohawk Northern Plastics, LLC dba Ampac |
| 9 | 701 A. Street NE |
| 10 | Auburn, WA 98002 |
| 11 | BRUCE S NATHAN |
| | 1251 Avenue of the Americas |
| 12 | New York, NY 10020 |
| 13 | JEFFREY D. PROL |
| | Lowenstein Sandler LLP |
| 14 | One Lowenstein Dr |
| 15 | Roseland, NJ 07068 |
| 16 | Packaging Corporation of America |
| | 1 N. Field Court |
| 17 | Lake Forest, IL 60045 |
| 18 | |
| | Pension Benefit Guaranty Corp |
| 19 | 1200 K. Street, NW |
| | Washington, DC 20005 |
| 20 | |
| | DENNIS M RYAN |
| 21 | 2200 Wells Fargo Center |
| | 90 S Seventh St |
| 22 | Minneapolis, MN 55402-3901 |
| 23 | |
| | MICHAEL R. STEWART |
| 24 | 2200 Wells Fargo Ctr |
| | 90 S. Seventh St |
| 25 | Minneapolis, MN 55402-3901 |
| 26 | /// |

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

SierraConstellation Partners LLC
400 S Hope St #1050
Los Angeles, CA 90071

George Smith
9601 Oakmont Lane
Stayton, OR 97383

Syngenta Seeds, LLC
PO Box 18300
Greensboro, NC 27419

     I also certify that on November 11, 2019, I served the above-referenced document(s) on all ECF participants as indicated on the Court's Cm/ECF system.

     I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

     Dated: November 11, 2019.

               /s/ Joanna M. Bolstad_____
               Joanna M. Bolstad, Legal Assistant

*25423-001 (03312732)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130