Below is an order of the court.

**It is Further Ordered, that Debtors shall file a Report of Sale within seven (7) days after closing of the sale authorized in this Order. The Report of Sale must confirm the identity of the purchaser, the purchase price, and the amount of proceeds distributed to each category of claims set forth in Paragraph 10 below.**

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc. [TIN 9330],<br>Hermiston Foods, LLC [TIN 3927], and<br>Quincy Foods, LLC [TIN 7444],<br><br>Debtors. | Case No. 19-62584-pcm11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-33102-pcm11 and 19-33103-pcm11)<br><br>**ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF** |

On November 15, 2019, the above-captioned debtors (each, a "Debtor" and collectively, "Debtors")[1], filed a "Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property" (ECF No. 403; hereafter, the "Sale Notice"). The Sale Notice provided notice of Debtors' intent to sell certain of their assets ("Assets") free and clear of all liens, claims,

---

[1] All capitalized terms used in this Order that are not otherwise defined in this Order shall have the definitions given to them in the Sale Notice and/or the APA.

**Page 1 of 11** - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

encumbrances, and interests to Oregon Potato Company ("OPC") pursuant to an Asset Purchase Agreement dated as of November 15, 2019 (the "OPC APA"), a copy of which was filed with the Court, subject to higher bids, as described in the Sale Notice, and set a deadline of December 6, 2019 for objections to the proposed sale.

Also on November 15, 2019, Debtors filed a "Motion to Assume and Assign Executory Contracts (ECF No. 406) that are to be included in the proposed sale to OPC (the "Assignment Motion") and a related "Notice of Intent to Assume and Assign Executory Contracts, and Related Cure Amounts" (ECF No. 407), setting a deadline of December 6, 2019 for contract counterparties to object to the proposed assumption/assignment and proposed cure amounts with respect to their contracts.

On December 9, 2019, JRS Properties III LLLP and Simplot Frozen Vegetables, LLC (together, "Simplot"), submitted a competing bid.

The Court held a hearing on December 10, 2019 (the "Sale Hearing") to consider the relief requested in the Sale Notice and the Assignment Motion, and any objections thereto. The parties appeared at the Sale Hearing, and the Court continued the Sale Hearing pending an auction with OPC and Simplot as competing bidders. Debtors held an auction on December 10 and 11, 2019. After several rounds of bidding, OPC's last bid was deemed the highest and best bid by Debtor.

At the Sale Hearing, all objections were either withdrawn or overruled.

Upon consideration of the pleadings and papers filed in respect to the Sale Notice and the Assignment Motion, as well as evidence and argument presented at the Sale Hearing, and after due deliberation,

IT IS HEREBY FOUND AND CONCLUDED that:

A. Debtors provided timely and sufficient notice of the proposed sale of assets and assignment of executory contracts to OPC (collectively, the "Sale"), and the Sale

Page 2 of 11 - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

Hearing to creditors and interested persons in compliance with the Bankruptcy Code and Bankruptcy Rules.

B. Prior to and after the Petition Date, Debtors conducted a good-faith, full, fair, and complete marketing process with respect to the Assets, and Debtors received no better alternative offers for the Assets. Debtors' marketing efforts, including the methodology for selecting OPC as the buyer and the auction process, were conducted in a manner that was reasonably calculated to achieve the highest and best offer for the Assets, as well as reasonable alternative offers.

C. Approval of the OPC APA, as amended on December 11, 2019 (the "APA"), and consummation of the Sale are in the best interests of Debtors' estates, their creditors, and other parties-in-interest.

D. Debtors have demonstrated sound business reasons for the Sale pursuant to Section 363(b) of the Bankruptcy Code. Such business reasons include, without limitation, the following: (i) the APA constitutes the best offer for the Assets after extensive prepetition and postpetition marketing, and (ii) the Sale presents the best opportunity to realize the highest value of the Assets and avoid decline and devaluation of the Assets.

E. Debtors and OPC entered into the APA without collusion, in good faith, and from arm's length bargaining positions, in that: (i) the APA enabled Debtors to accept a higher or better offer in respect of the Sale, and Debtors were free to deal with any other party interested in a transaction regarding the Assets, (ii) Debtors solicited bids from other potential bidders; (iii) OPC made the highest or best bid in respect of the Sale; and (iv) OPC is not an "insider" or "affiliate" of Debtors as those terms are defined in the Bankruptcy Code. The purchase price for the Assets was not controlled by an agreement among any bidders. Accordingly, OPC is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

Page 3 of 11 - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

F. The APA provides that OPC will assume certain "Assumed Liabilities" and take title to the Assets subject to certain "Permitted Encumbrances" as defined in the APA. Otherwise, OPC will take title to the Assets free and clear of all:

1. security interests, encumbrances, liens, and other interests, including, without limitation, rights arising under the Perishable Agricultural Commodities Act ("PACA"), judicial liens and tax liens (collectively, the "Liens"); and

2. liabilities and "claims" (as defined by Section 101 of the Bankruptcy Code) now existing or hereafter arising, fixed or contingent, asserted or unasserted, legal or equitable, liquidated or unliquidated, including, but not limited to, those arising under, related to, or based on successor or transferee liability, express or implied warranties, environmental laws, union contracts, pension or other retiree benefit plans, or for any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Assets prior to Closing, except to the extent that "claims" relate to any of the Assumed Liabilities or Permitted Encumbrances (collectively, the "Claims"). For the avoidance of doubt, the Liens do not include the Permitted Encumbrances and the Claims do not include the Assumed Liabilities.

G. Debtors may transfer the Assets free and clear of the Liens and Claims because in respect to each such Lien or Claim, one or more of the standards set forth in Bankruptcy Code Section 363(f)(1)-(5) has been satisfied. Debtors' primary secured creditor, CoBank, ACB, has specifically represented to the Court that it consents to the Sale free and clear of its Liens and Claims so long as the proceeds are distributed in accordance with this Order. All Liens that are not Permitted Encumbrances will attach to the sale proceeds.

H. OPC would not have entered into the APA and would not consummate the Sale (i) if the transfer of the Assets were not free and clear of all Liens and Claims; or (ii) if OPC would, or in the future could, be liable for the Liens or Claims.

Page 4 of 11 - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The findings of fact and conclusions of law set forth above and stated on the record at the hearing constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

### I. Approval of the Sale

2. The Sale is authorized and approved. Any and all objections to the Sale that have not been withdrawn, waived, or settled are overruled on the merits with prejudice.

3. Debtors are authorized, but not directed, to consummate the Sale with OPC pursuant to and in accordance with the terms and conditions of this Order and the APA, and to execute and deliver all instruments, documents, and other agreements required under the APA or otherwise reasonably necessary to implement the APA and close the Sale. If Debtor does not consummate the Sale with OPC on or before January 15, 2020 due to the fault of OPC, then Debtors are authorized, but not directed, to consummate the Sale with Simplot as the back-up bidder, pursuant to and in accordance with the terms and conditions of this Order and the Simplot Asset Purchase Agreement filed with the court, as modified orally at the Sale Hearing (the "Simplot APA"), and to execute and deliver all instruments, documents, and other agreements required under the Simplot APA or otherwise reasonably necessary to implement the Simplot APA and close the Sale. If Debtors close a sale with Simplot, all further references in this order to APA shall be deemed to refer to the Simplot APA.

### II. Sale Free and Clear of Liens and Claims

4. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon Closing, all of Debtors' rights, title, and interests in the Assets shall be transferred to OPC, or Simplot as the back-up bidder (hereafter, "Purchaser"), free and clear of all Liens and Claims. The transfer will vest Purchaser with all rights, title, and interests in and to the Assets.

5. Except as otherwise specifically provided in the APA and this Order, Purchaser shall have no liability of any kind or character for the Liens or Claims, including, but

**Page 5 of 11** - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, successor employer liability, de facto merger or joint venture, fraudulent conveyance, mere continuation, or substantial continuity, whether known or unknown, as of the Closing,

6. After the Closing, all persons and entities (as defined by Section 101 of the Bankruptcy Code) are forever barred, estopped, and permanently enjoined from asserting Liens or Claims against the Assets or Purchaser, or any of Purchaser's successors or assigns. Following Closing, no holder of a Lien or Claim shall interfere with Purchaser's title to, or use and enjoyment of, the Assets based on or related to such Lien or Claim.

### III. Filing and Recording Releases of Liens

7. This Sale Order shall be effective as a determination that, upon Closing, all Liens on or in respect to the Assets are deemed to be unconditionally released, discharged, and terminated.

8. Upon Closing, each of Debtors' secured creditors is authorized and directed to execute such termination statements, reconveyances, and other documents, and take all other actions as may be necessary, to release their Liens on the Assets, and if they fail to timely do so, Debtors may do so in their stead.

9. This Section III of this Order shall be binding upon all filing agents, filing officers, title agents, title companies, recorders and registrars of mortgages and deeds, administrative agencies, Departments of Motor Vehicles, and other federal, state, and local officials who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

### IV. Sale Proceeds

10. The Liens shall attach to the cash proceeds of the Sale with the same priority, validity, force, and effect they now have as against the Assets, subject to any claims and

Page 6 of 11 - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

defenses, setoffs, or rights of recoupment Debtors may possess with respect thereto. The Sale proceeds shall be distributed as follows:

    (a)    first, to pay Closing costs and expenses incurred by Debtors in connection with the Sale (excluding legal fees);

    (b)    second, to pay Cure Costs with respect to the Assigned Contracts between Debtors and Lineage Logistics, LLC, as set forth in paragraph 13 below.

    (c)    third, to pay allowed claims secured by valid PACA trust rights against the Assets;

    (d)    fourth, to pay allowed secured claims that are senior in priority to CoBank's security interests, and to reserve in escrow an amount sufficient to pay any asserted lien claims that are senior in priority to CoBank's security interests (whether or not disputed by Debtors, Purchaser, CoBank, or any other party-in-interest) until such time as those asserted lien claims are allowed or disallowed;

    (e)    fifth, any unpaid portion of the Carveout, as defined in the Amended Final Order Granting Debtors' Motion for Authorization to Obtain Secured Credit [ECF No. 202] shall be paid to attorneys for Debtors, to be held in their client trust account pending further Court Order;

    (f)    sixth, to repay the balance owed to CoBank on the DIP loan and CoBank's secured prepetition claim;

    (g)    seventh, to pay allowed secured claims against the Assets junior in priority to CoBank; and

    (h)    eighth, to Debtors, to be distributed pursuant to a Chapter 11 Plan or in accordance with further orders of the Court.

### V. Assumption and Assignment of Assigned Contracts

11.    Debtors are authorized to assume and assign the Assigned Contracts to Purchaser on the terms set forth in the Assumption Notice or as otherwise agreed by Purchaser

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

and the contract counterparties, effective at Closing. Purchaser may remove particular contracts from the list of Assigned Contracts any time prior to Closing and those removed contracts will not be assumed or assigned to Purchaser.

12. To the extent any counterparty to an Assigned Contract failed to timely object to the terms for assumption and assignment of such contract, such counterparty is deemed to consent to the assumption and assignment of such contract on such terms to Purchaser at Closing.

13. As to the contracts with Lineage Logistics, LLC, Quincy Foods, LLC shall pay (a) the undisputed cure amounts listed in the Assumption Notice; (b) such other cure amounts agreed to by Lineage Logistics, LLC and Quincy Foods, LLC; or (c) if a cure amount was timely disputed, the amount ordered by this Court to constitute the cure amount. Quincy Foods, LLC shall also pay any and all other postpetition Cure Costs (as defined in the APA) associated with such contracts.

14. As to each other Assigned Contract Purchaser elects to assume at Closing, Purchaser shall pay (a) the undisputed cure amount listed in the Assumption Notice; (b) such other amount agreed to by the contract counterparty and the affected Debtor; or (c) if the cure amount was timely disputed, the amount ordered by this Court to constitute the cure amount. Purchaser shall also pay any and all other postpetition Cure Costs (as defined in the APA) associated with such contracts.

15. Because Purchaser has sufficient assets to continue performance under the Assigned Contracts, Purchaser's agreement to perform is adequate assurance of future performance under the Assigned Contracts.

16. Upon the assignment of an Assigned Contract to Purchaser, Purchaser shall be deemed to be substituted for Debtors as a party to such contract and Debtors shall be released, pursuant to Section 365(k) of the Bankruptcy Code, from any liability for breach of such contract occurring after such assignment.

**Page 8 of 11** - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

## VI. Additional Provisions

17. Section 363(b)(1)(A) of the Bankruptcy Code (regarding personally identifiable information about individuals) is not applicable to the Sale.

18. (i) None of the insurance policies or any related agreements (collectively, the "Chubb Insurance Contracts") issued at any time by ACE American Insurance Company, ACE Property and Casualty Insurance Company, Illinois Union Insurance Company, Great Northern Insurance Company, and Federal Insurance Company (together with affiliates and successors of each, "Chubb"); or any rights, benefits, claims, rights to payments and/or recoveries under the Chubb Insurance Contracts shall be sold, assigned, or otherwise transferred to Purchaser in connection with the Sale; (ii) nothing shall alter, modify, or otherwise amend the terms or conditions of the Chubb Insurance Contracts; and (iii) for the avoidance of doubt, Purchaser is not, and shall not be deemed to be, an insured under any of the Chubb Insurance Contracts; provided, however, that to the extent any claim with respect to any Assets arises that is covered by the Chubb Insurance Contracts, Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, turn over to Purchaser any such insurance proceeds (each, a "Proceed Turnover"); provided further, however, that Chubb shall not have any duty to effectuate a Proceed Turnover or liability related to a Proceed Turnover.

19. Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006, or any applicable provisions of the Local Bankruptcy Rules, this Sale Order shall not be stayed for 14 days after the entry hereof, but shall be effective and enforceable immediately upon entry.

20. This Court retains exclusive jurisdiction, regardless of whether a Chapter 11 plan has been confirmed and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects including, but not limited to,

**Page 9 of 11** - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

retaining jurisdiction to (a) compel delivery of the Assets to Purchaser in accordance with the terms of the APA; (b) resolve any other dispute arising under or related to the APA, or the breach thereof; and (c) interpret, implement, and enforce the provisions of this Sale Order and resolve any disputes related thereto.

21. Purchaser is a good faith purchaser of the Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Purchaser.

22. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented in accordance with the terms thereof without further order of this Court if it would not have an adverse impact on the consideration to be paid to creditors and would not alter the distribution waterfall in paragraph 10 above.

23. This Order shall be binding in all respects upon (a) each Debtor, (b) its estate, (c) all creditors and other holders of Liens and Claims, (d) all counterparties to Assigned Contracts, (e) Purchaser and all successors and assigns of Purchaser, and (f) any trustees subsequently appointed upon conversion of this case to a case or cases under Chapter 7 of the Bankruptcy Code; provided that, in the event Closing does not occur by December 31, 2019, all creditors and other holders of Liens and Claims shall have the right to move for reconsideration of the effectiveness of this Order and/or for relief from the automatic stay, and nothing herein shall constitute a waiver, releases, or agreement to forbear from exercising whatever rights and remedies creditors may have under the Bankruptcy Code or under applicable non-bankruptcy law, which rights and remedies are expressly reserved.

# # #

**Page 10 of 11** -  ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11    Doc 496    Filed 12/13/19

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By */s/ Michael W. Fletcher*
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:    al.kennedy@tonkon.com
              tim.conway@tonkon.com
              michael.fletcher@tonkon.com
              ava.schoen@tonkon.com
    Attorneys for Debtors

009684/00004/10415165v17

**Page 11 of 11** - ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-62584-pcm11   Doc 496   Filed 12/13/19