**Jeffrey D. Prol**
jprol@lowenstein.com
**Bruce S. Nathan**
bnathan@lowenstein.com
**Scott Cargill**
scargill@lowenstein.com
Tel: 973.597.2500
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068

and

**Justin D. Leonard**, OSB 033736
**Timothy A. Solomon**, OSB 072573
   Direct: 971.634.0194
   Email: tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204

Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>NORPAC Foods, Inc. [TIN 9330],<br>Hermiston Foods, LLC [TIN 3927], and<br>Quincy Foods, LLC [TIN 7444],<br><br>           Debtors. | Lead Case No. 19-62584-pcm11<br>(Jointly Administered with Case Nos.<br>19-33102-pcm11 and 19-33103-pcm11)<br><br>**CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF** |

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 bankruptcy cases (the "**Chapter 11 Cases**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through its undersigned counsel, hereby submits this limited objection (the "**Limited Objection**") to the Debtors' Lineage Sale Motion (as defined

Page 1 of 12 - CREDITORS' COMMITTEE'S LIMITED
OBJECTION TO THE DEBTORS' NOTICE OF
INTENT TO SELL REAL OR PERSONAL
PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

herein) and for related relief. In support of its Limited Objection, the Committee respectfully states as follows:[1]

### RELEVANT BACKGROUND

1. On August 22, 2019 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Oregon (the "**Court**"). No trustee or examiner has been appointed in these cases.

2. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

3. On December 19, 2019, the Debtors filed with this Court, *inter alia,* a *Notice of Intent to Sell Real or Personal Property, Compensate Real Estate Broker, and/or Pay any Secured Creditors' Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing* [ECF Doc. No. 506]; *a Notice of Filing of Asset Purchase Agreement with Lineage Master RE, LLC* [ECF Doc. No. 510]; *and a Motion to Assume and Assign Executory Contracts to Lineage Master RE, LLC* [ECF Doc. No. 508] (collectively, the "**Lineage Sale Motion**").

4. Through the Lineage Sale Motion, and under the terms of an asset purchase agreement with Lineage Master RE, LLC ("**Lineage**") dated December 18, 2019 (the "**Lineage APA**"), the Debtors seek to sell (the "**Sale**") to Lineage substantially all of the Debtors' remaining assets and to assume and assign certain executory contracts to Lineage. Specifically, the Debtors seek authorization for the sale to Lineage of, among other things: (i) all interests in and to the real

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Lineage Sale Motion and/or the Lineage APA (as defined herein).

Page 2 of 12 -   CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

property located at 4735, 4745, and 4755 Brooklake Road NE, Salem, Oregon; (ii) all interests in and to the real property located at 2210 Madrona Avenue SE, 2525 Ewald Avenue SE, and 3225 25th Street SE, Salem, Oregon; (iii) all interests in and to real property located at 930 W Washington Street, Stayton, Oregon 97383; (iv) all interests in and to the real property located at 2374 NW Road J, Quincy, Washington 98843; (v) certain tangible property, including furniture, fixtures, equipment, parts, machinery, tools, inventory, materials, office equipment, supplies, computers, and telephones; (vi) certain executory contracts to be assumed and assigned by the Debtors; and (vii) certain environmental permits to be assigned by the Debtors (collectively, the "**Assets**").

5. Section 7.02(h) of the Lineage APA (the "**Due Diligence Deadline**") provides that as a condition precedent to Lineage's obligation to close the Sale, Lineage "*shall have completed its due diligence investigation of title, environmental, customer, supplier, and operational matters of the [Assets] by December 20, 2019*, *and shall, in its sole discretion, be satisfied with the results of such due diligence investigation*. [Lineage] shall provide [the Debtors] with written notice by such date if this condition has not been satisfied." (emphasis added).

6. Section 8.01 of the Lineage APA (the "**Indemnification Claim Provision**") provides, in relevant part, that:

> All covenants and agreements of the parties contained herein shall survive the Closing indefinitely or for the period explicitly specified therein. If it is determined after Closing that [the Debtors] breached any of the warranties or representations set forth herein in any material respect, *[the Debtors] shall reimburse [Lineage] for [Lineage's] damages arising out of any untruth, inaccuracy, or breach of any surviving warranty, representation, or agreement hereunder; provided, however, that . . . (iii) in no event shall [the Debtors'] aggregate liability to [Lineage] for all breaches of surviving warranties, representations, and agreements hereunder*

Page 3 of 12 - CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

*exceed the amount of Six Million Dollars ($6,000,000.00) (the "__Cap__").*

7. Section 10.04 of the Lineage APA (the "**Expense Reimbursement Fee**") provides that:

> In consideration of [Lineage] conducting its due diligence and entering into this Agreement subject to higher and better offers pursuant to the Auction, [Lineage] shall, subject to Bankruptcy Court approval, receive a fee of One Million two Hundred Twenty Five Thousand Dollars ($1,225,000.00) to compensate [Lineage] for its legal, accounting, and other professional costs and expenses, as well as [Lineage's] internal management time, incurred in connection with the proposed sale (the "**Expense Reimbursement Fee**"), if [Lineage] is not the successful purchaser at the Auction[.]

8. Section 8.02(b) of the Lineage APA (the "**Liquidated Damages Provision**") provides, in relevant part, that:

> *If any of the representations and warranties set forth in [the Lineage APA] are not true, complete, and correct at and as of the Closing Date in all material respects or the Closing fails to occur in accordance with this Agreement* as a result of [the Debtors'] default hereunder beyond any applicable notice or cure periods, then [Lineage] may elect to (i) terminate this Agreement . . . and *[the Debtors] shall pay to [Lineage] up to One Million Two Hundred Twenty-Five Thousand Dollars ($1,225,000.00) for any third-party out-of-pocket expenses* (including, without limitation, attorneys' fees) incurred by [Lineage] in connection with this Agreement[.]

**LIMITED OBJECTION TO THE LINEAGE SALE MOTION**

9. The Committee does not oppose the proposed Sale to Lineage in principal, however, the Court should not approve the Lineage Sale Motion unless and until certain provisions contained in the Lineage APA are modified to address the Committee's objections set forth below.

//
//

Page 4 of 12 – CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

### A. The Indemnification Claim Provision Should be Eliminated

10. The Court should not approve the Lineage Sale Motion to the extent that it includes the Indemnification Claim Provision, which affords Lineage the opportunity to assert a postpetition administrative claim against the Debtors' estates, up to $6 million in the aggregate, relating to breaches of the Debtors' warranties, representations, or agreements under the Lineage APA. The Debtors have failed to carry their evidentiary burden to demonstrate that the inclusion of the Indemnification Claim Provision in the Lineage APA is a sound exercise of their business judgment. To the contrary, the provision runs against the notion of an "as is, where is" sale that this is typical of bankruptcy court approved asset dispositions.

11. Bankruptcy Code § 363(b) provides, in pertinent part, that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." The paramount goal of any proposed sale of property of the estate "is to assure that optimal value is realized by the estate under the circumstances." *In re Lahijani,* 325 B.R. 282, 288 (9th Cir. BAP 2005). *See also In re Cybergenics Corp.,* 330 F.3d 548, 573 (3d Cir. 2003) (debtor has a fiduciary duty to maximize the value of the bankruptcy estate).

12. In determining whether to authorize the use, sale, or lease of property of the estate under § 363(b), courts require a debtor to show that a sound business purpose justifies such actions. *See, e.g., In re Montgomery Ward Holding Corp.,* 242 B.R. 147, 153 (D. Del. 1999); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983). "The requirement of notice and a hearing and court approval for transactions that are out of the ordinary course of business, such as sale conducted under § 363(b)(1), is an obvious safeguard imposed to insure that such transactions actually benefit the

Page 5 of 12 - CREDITORS' COMMITTEE'S LIMITED
OBJECTION TO THE DEBTORS' NOTICE OF
INTENT TO SELL REAL OR PERSONAL
PROPERTY AND FOR RELATED RELIEF
Case 19-62584-pcm11    Doc 539    Filed 01/08/20

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

estate rather than just one or more of the parties to the transaction." *In re Beth Israel Hosp. Ass'n of Passaic*, 2007 WL 2049881, at *15 (Bankr. D. N.J. July 12, 2007).

13. Where there is a proposed sale in a Chapter 11 case of a debtor's property in exchange for the retirement of secured debt, without the protections of a disclosure statement and a plan process, the transaction "***must be closely scrutinized***" and the transaction proponent "***bears a heightened burden***[.]" *In re Channel One Communications, Inc.,* 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990) (internal citation omitted) (emphasis added).

14. Upon information and belief, Lineage has spent months conducting due diligence concerning the Debtors' assets and operations, including holding lengthy discussions and negotiations with the Debtors' management. The Due Diligence Deadline expired on December 20, 2019, and Lineage has been afforded adequate opportunity to review the Assets and become comfortable with the purchase of the Assets. Indeed, Lineage APA § 7.02(h) specifically provides that if Lineage was not satisfied with its due diligence investigation, it had an affirmative obligation to notify the Debtors in writing by no later than December 20, 2019. Lineage did not provide such written notice.

15. The inclusion of the Indemnification Claim Provision would provide Lineage with unwarranted and unreasonable protections by giving Lineage the ability to assert administrative priority claims for indemnity for up to six months post-closing. This effectively gives Lineage a second bite at the proverbial apple in the event that Lineage's due diligence methodologies were in some manner lacking, or if Lineage otherwise suffers buyer's remorse and attempts to recoup a portion of the Purchase Price. Unsecured creditors should not bear the uncertainty of whether

Page 6 of 12 - CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

these estates will need to defend against multi-million indemnity claims by Lineage months after the Sale closing.

16. The Indemnification Claim Provision would also introduce material uncertainty concerning the net amount of funds that the Debtors' estates will actually receive in exchange for the Assets, and relatedly, the amount of funds that will be available for distribution (and the amount of reserves that must be established) on account of allowed unsecured creditor claims. Moreover, the Indemnification Claim Provision is antithetical to the "as is, where is" nature of asset dispositions routinely conducted in bankruptcy cases.

17. Approving the Indemnity Claim Provision, and thus allowing the Debtors' estates to remain liable to Lineage post-closing for "any untruth, inaccuracy, or breach of any surviving warranty, representation, or agreement" under the Lineage APA would also render meaningless the entire purpose of the Due Diligence Deadline and allow Lineage to assert administrative claims of up to 12.24% of the Purchase Price, long after Lineage concluded its diligence. The Debtors have failed to articulate a sound business purpose for including the Indemnification Claim Provision in the Lineage APA and the Court must consider the prejudicial impact the provision will have on unsecured creditors in deciding whether to approve the Sale Motion.[2]

**B. The Expense Reimbursement Fee is Unnecessary and May Chill Bidding**

18. The proposed Expense Reimbursement Fee contained in the Lineage APA, which is equal to 2.5% of the Purchase Price, is unwarranted in the context of the proposed Sale. As the

---

[2] Alternatively, if the Court is inclined to approve some form of the Indemnification Claim Provision, the Committee submits that the Cap should be reduced downward to $500,000 and require that any indemnification claim must be asserted by Lineage within 30 days of the closing of the Sale.

Page 7 of 12 - CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

Court is aware, the Assets have been thoroughly marketed since well before the Petition Date and have been the subject of intense publicity in connection with the Oregon Potato Company's aborted attempt to purchase substantially all of the Debtors' assets earlier in the Chapter 11 Cases. The Expense Reimbursement Fee will not induce further bidding by potential suitors. To the contrary, it may have the opposite effect and chill the bidding process because it will require a substantial initial overbid (*see* Lineage APA § 10.05(a)) necessary to pay Lineage's fees, all to the detriment of unsecured creditors.

19. In the absence of controlling Ninth Circuit precedent, courts have used the framework developed by the U.S. Bankruptcy Court for the District of Arizona in *In re America West Airlines, Inc.,* 166 B.R. 908 (Bankr. D. Ariz. 1994), for considering the propriety of a proposed break-up fee. *See also In re Comm. Healthcare of Douglas, Inc.*, 2013 WL 12291504, at *2 (Bankr. D. Ariz. Oct. 10, 2013).

20. The *America West* court found that when a transaction is outside the ordinary course of business, "it falls to the Bankruptcy Court to determine whether to approve the transaction based on the facts and history of the case." *Id.* at 912. In so doing, "the court must take into consideration what is in the best interests of the estate." *Id.* (citing *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)). Accordingly, a court must determine "**whether the transaction will further the diverse interests of the debtor, creditors and equity holders alike**." *Id.* (emphasis added) (internal quotations omitted). Thus, a proposed break-up fee must be carefully scrutinized to insure that the debtor's estate is not unduly burdened and that the relative rights of the parties in interest are protected. *Id.* (citing *In re Hupp Industries, Inc.,* 140 B.R. 191, 196 (Bankr. N.D. Ohio 1992)). A bankruptcy court has the responsibility to determine if

Page 8 of 12 - CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

the proposed break-up fee, and the transaction as a whole, make economic sense for all concerned. *American West*, 136 B.R. at 913.

21. The *America West* court ruled that payment of the contemplated break-up fee was not in the best interest of the estate, the creditors or the equity holders because the debtor had been thoroughly marketed and the proposed break-up fee would not induce further bidding. *Id*. Moreover, the court found that the "proposed break-up fee unnecessarily chills bidding and potentially depletes estate assets that can be better utilized to help fund a plan of reorganization and continue to provide funds for professionals, attorneys, accountants and consultants to that end." *Id. See also Beth Israel Hosp.*, 2007 WL 2049881, at *13 (denying break-up fee in part because the stalking horse bidder's research and due diligence did not produce data on which other bidders relied and finding the "Debtor and [its investment banker] created a sale process in which over 100 potential purchasers were contacted. The Debtor created an electronic data room and posted a model asset purchase agreement for use by interested parties. Thus, the work to prepare the Debtor for sale was largely done by the Debtor's professionals.").

22. Here, the Assets have been thoroughly marketed to no less than 160 potential strategic and financial investors by the Debtors and their professionals.[3] The possible dissipation

---

[3] The Debtors previously disclosed in their *Motion for Order Approving (A) Bid and Sale Procedures, Including Expense Reimbursement Fee, to Oregon Potato Company; (B) Sale of Assets Free and Clear of Liens, Claims, and Encumbrances; and (C) Assumption and Assignment of Executory Contracts* [ECF Doc. No. 56] (the "**OPC Sale Motion**"), that they engaged the investment banking firm of D.A. Davidson & Co. ("**D.A. Davidson**") to render financial advisory and investment banking services in connection with the Debtors' financial and strategic alternatives and potential sale of their businesses, including the Assets. *OPC Sale Motion*, ¶ 6. **D.A. Davidson contacted 166 potential strategic and financial investors**. *Id*. **Seventy-two (72) non-disclosure agreements were executed**, and four (4) letters of intent or indications of interest were ultimately executed. *Id*.

Page 9 of 12 – CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

of funds earmarked for the Expense Reimbursement Fee does not make economic sense given the prior exposure of the Assets to a wide universe of potential suitors. Moreover, the proposed Expense Reimbursement Fee necessarily increases the amount of the initial overbid that any potential competitive bidder will have to make, all for the benefit of Lineage, rather than creditors in these Chapter 11 Cases. Accordingly, the Debtors have failed to satisfy the standards for demonstrating that the Expense Reimbursement Fee is warranted. The Lineage Sale Motion should be approved only if the Expense Reimbursement Fee is removed from the Lineage APA.[4]

**C. The Liquidated Damages Provision is Unwarranted and Should be Removed**

23. Finally, the Committee objects to the inclusion of the Liquidated Damages Provision in the Lineage APA. The Liquidated Damages Provision would permit Lineage to receive up to $1.225 million in funds that would otherwise be available to satisfy creditor claims in the event that one or more of the Debtors' representations and warranties are not true, complete and correct, or if the Debtors were otherwise in default under the APA. Accordingly, the Liquidated Damages Provision proposes to give Lineage a windfall at the expense of all other creditors.

24. In contrast to a break-up fee, which at least would only be payable in the event a stalking horse bidder is outbid and there is a net benefit to a debtor's estate, the proposed Liquidated Damages Provision could result in the Debtors' estates being left with no consideration

---

[4] In the alternative, if the Court is inclined to approve any break-up fee, the Committee submits that the amount of the fee should be reduced to $735,000, or 1.5% of the Purchase Price. *See, e.g. In re Humboldt Creamery, LLC,* 2009 WL 2820610 (Bankr. N.D. Cal. Aug. 14, 2009) (approving a break-up fee equal to 1.46% of the stalking horse bid for the purchaser of the debtor's assets).

Page 10 of 12 – CREDITORS' COMMITTEE'S LIMITED
OBJECTION TO THE DEBTORS' NOTICE OF
INTENT TO SELL REAL OR PERSONAL
PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

for the Assets **and** the obligation to immediately pay Lineage a $1.225 million administrative claim. Thus resulting in a material diminution in the Debtors' estates without any corresponding benefit.

25. The Debtors have failed to carry their burden to demonstrate how the inclusion of the Liquidated Damages Provision in the Lineage APA is a sound exercise of the Debtors' business judgment. Even more fundamentally, the Debtors have failed to demonstrate that the $1.225 million to be paid for purported third-party out of pocket expenses of Lineage, on an administrative priority basis, satisfies the requirements of Bankruptcy Code § 503(b)(3)(D) as being a substantial contribution in these Chapter 11 Cases. *See In re C & K Market, Inc.*, 2014 WL 1377573, at *6 (Bankr. D. Ore. Apr. 8, 2014); *see also Beth Israel Hosp.*, 2007 WL 2049881 at *15 (refusing to approve break-up fees as liquidated damages and finding that such fees "may be allowed when it is shown that the fees are actually necessary to preserve the value the estate assets. The fact that the Debtor agreed to the break-up fee and thought that is was reasonable and appropriate is not determinative of the allowance of such a fee as an administrative expense.").

26. Under the circumstances of the proposed Sale, the Debtors and Lineage would be hard-pressed to demonstrate how payment of $1.225 million to Lineage through the Liquidated Damages Provision in the context of a terminated Lineage APA is consistent with making a substantial contribution to these Chapter 11 Cases, or is actually necessary to preserve the value of estate assets.

27. Accordingly, the Lineage Sale Motion should only be approved if the Liquidated Damages Provision is removed from the Lineage APA in its entirety.

//

//

Page 11 of 12 - CREDITORS' COMMITTEE'S LIMITED
OBJECTION TO THE DEBTORS' NOTICE OF
INTENT TO SELL REAL OR PERSONAL
PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

## RESERVATION OF RIGHTS

28. The Committee expressly reserves its right to raise additional or further objections to the Sale and the Lineage APA at any time, including at the hearing to consider the Lineage Sale Motion.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order: (i) denying the Lineage Sale Motion, unless and until revisions to the Lineage APA and any order approving the Lineage Sale Motion are made to address each of the objections set forth above; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 8, 2020

LOWENSTEIN SANDLER LLP
Jeffrey D. Prol (admitted *pro hac*)
Bruce S. Nathan (admitted *pro hac*)
Scott Cargill (admitted *pro hac*)
Lead Counsel for Committee

- and -

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573
Local Counsel for Committee

Page 12 of 12 – CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20

# CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **CREDITORS' COMMITTEE'S LIMITED OBJECTION TO THE DEBTORS' NOTICE OF INTENT TO SELL REAL OR PERSONAL PROPERTY AND FOR RELATED RELIEF** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties:

| | |
|---|---|
| Ronald David Paul Bruckmann on behalf of Creditor Syngenta Seeds, Inc.<br>Shumaker, Loop & Kendrick, LLP<br>101 S Tryon St #2200<br>Charlotte, NC 28280<br><br>Kate Ellis on behalf of Creditor Superior Foods International, LLC<br>McCarron & Diess<br>4530 Wisconsin Ave NW #301<br>Washington, DC 20016<br><br>HM Clause, Inc.<br>26 Cousteau Place, Ste. 210<br>Davis, CA 95618<br><br>International Paper Co.<br>6400 Poplar Ave.<br>Memphis, TN 38197<br><br>Christopher M. Kiernan on behalf of Creditor VLM Foods USA Ltd<br>Blakeley LLP<br>18500 Von Karman Ave #530<br>Irvine, CA 92612<br><br>Kurtzman Carson Consultants LLC<br>222 N Pacific Coast Hwy 3rd Fl<br>El Segundo, CA 90245<br><br>Pension Benefit Guaranty Corp<br>1200 K. Street, NW<br>Washington, DC 20005 | Barrett Marum on behalf of Creditor Lineage Logistics LLC et al.<br>379 Lytton Ave<br>Palo Alto, CA 94301-1479<br><br>Mohawk Northern Plastics, LLC dba Ampac<br>701 A. Street NE<br>Auburn, WA 98002<br><br>Packaging Corporation of America<br>1 N. Field Court<br>Lake Forest, IL 60045<br><br>SierraConstellation Partners LLC<br>400 S Hope St #1050<br>Los Angeles, CA 90071<br><br>George Smith<br>9601 Oakmont Lane<br>Stayton, OR 97383<br><br>Syngenta Seeds, LLC<br>PO Box 18300<br>Greensboro, NC 27419<br><br>Dennis M. Ryan on behalf of Creditor CoBank, ACB<br>2200 Wells Fargo Center<br>90 S Seventh St<br>Minneapolis, MN 55402-3901 |

DATED: January 8, 2020

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573

Page 1 - CERTIFICATE OF SERVICE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-62584-pcm11    Doc 539    Filed 01/08/20